NreeMax, J.,
delivered the opinion of the court:
The defendant was convicted in the criminal court of Montgomery county, on an indictment for stealing fifty-five dollars. The proof is clear and conclusive of thp guilt of .the prisoner. The only real question in the case is, whether the description of the bills stolen is sufficiently definite in the second count of the indictment. It is, that the defendant feloniously did steal, etc., one five-dollar bill and five ten-dollar bills of the goods, etc.
In the case of Pyland v. The State, 4 Sneed, 359, the charge wras of stealing certain bank bills, giving the denomination of each. It was objected that it did not state what bank the bills were on. The court, however, held the description sufficient, and said: “We think an indictment charging the stealing of valuable bank'notes, as this does, is good so far as description is concerned. The description in the indictment is fully as definite as in that case.
The denomination is given, and this is surely sufficient, so far as this feature of the case is concerned. It is said however, it is not shown they were bank bills or treasury notes, and they might have been bills of exchange, or bills payable or receivable. It is sufficient answer to, this to say that our Code only requires the statement of the facts constituting the offense in an indictment shall be in ordinary and concise language, and the constitution only requires “the nature and cause of the accusation” to be stated. The language of this indictment is the ordinary language to express the fact intended. Its meaning is clear and unmistakable; every one understands at once, when a man *591 is charged with stealing one five-dollar bill and five ten-dollar bills, “that it is bills of this denomination that pass current as money” — no one doubts this. Yet we are asked to hold that thio shall not be so understood in an indictment. We can see no principle on which this can be required. In addition, it is seen that in order to give any other meaning to [the] charge, you must add other words of description, as bills of exchange or bills payable, so. that the language cannot be made to include this character of bills without these added words to convey such meaning. If the proof had shown that the bills stolen were bills of exchange, or bills payable, the astute counsel who now makes this objection -would have been before us insisting, and successfully, too, no doubt, that the indictment was not sustained by the proof, but that the charge meant what we have indicated, and nothing else.
Let the judgment be affirmed.