State v. Odam.

THE STATE v. J, R. ODAM.

CRIMINAL LAW. *Presentment. Sale of intoxicating liquors. Incorporated institutions of learning.* A presentment, under the act of 1877, ch. 23, which charges the defendant, in the language of the statute, with selling an intoxicating beverage within four miles of an incorporated institution of learning, is good without designating the institution or the beverage.

FROM OBION.

Appeal in error from the Law Court at Union City. S. W. COCHRAN, Sp. J.

ATTORNEY-GENERAL LEA for the State.

W. H. SWIGGART for Odam.

COOPER, J., delivered the opinion of the court.

The defendant was presented by the grand jury for selling an intoxicating beverage within four miles of an incorporated institution of learning, under the act of 1877, ch. 23, following the exact language of the statute. The court, upon motion of the defendant, quashed the presentment, and the State appealed.

The objection urged against the presentment is, that it fails to state the particular institution of learning referred to, and the beverage sold. The settled rule in this State is, that in the case of a misdemeanor, a substantial description of the offense is all that is required in the indictment. *Bilbo* v. *State*, 7 Hum., 534; *State* v. *Pennington*, 3 Head, 120. And when

State *v.* Odam.

a statute creates a new offense, a charge in the words of the statute is, usually, sufficient, and the better course. *Hull* v. *State,* 3 Col., 125; *State* v. *Pearce,* Peck, 66. It is the selling of the intoxicating beverage within the prohibition of the statute that constitutes the offense, and the burden is on the State to make out the charge. *State* v. *Harris,* 2 Sneed, 224; *State* v. *Carter,* 7 Hum., 158. These last cases illustrate the rule of certainty required in analagous cases. It was well said by the court at an early day, that the degree of precision in the description of an offense cannot be given in an indictment so as to distinguish it *per se* from all other cases of a similar nature; such a discrimination amounting to identification must rest in averment, and its absence in description can be no test of the certainty required, either for defense against the presentment or protection against a future prosecution for the same matter. *State* v. *Pearce,* Peck, 66.

The judgment must be reversed and the cause remanded to be proceeded with.