## STATE *v.* MORGAN.

### (*Knoxville.*   September Term, 1902.)

**1. FALSE PRETENSES.** Indictment—Sufficient averment
of means of fraud.

An indictment for false pretenses sufficiently avers the means
of fraud, which alleges that the defendant represented to the
county that he was entitled to county warrants of a desig-
nated amount and value for services rendered by him as
constable in small offense cases before a designated justice
of the peace.   (*Post, pp.* 159-160, 162.)

**2. SAME.** Same.  Sufficient averment as to false character
of pretenses.

An indictment for false pretenses which avers that the de-
fendant being entitled to a county warrant for a certain
amount for services as constable in small offense cases rep-
resented that he was entitled to a warrant for a much larger
amount and well knowing that he was not entitled to the
warrant for the larger amount, which included false bills of
costs taxed in his favor along with legal bills of costs, drew
and received from the county a warrant for the designated
larger amount, sufficiently avers the false character of the
pretenses.   (*Post, pp.* 160-162.)

**3. SAME.** Same.  Fraudulent intent.

An indictment for false pretenses sufficiently avers a fraudulent
intent which charges that the defendant unlawfully, felon-
iously, willfully, fraudulently and falsely represented to the
county that he was entitled to a county warrant of a certain
and designated amount and value, which representation he
knew to be false, and was made for the purpose of deceiving
and obtaining from said county said warrant, which he did
obtain under false pretenses.   (*Post, pp.* 161, 162.)

**4. SAME.** Same.  Sufficient description of property obtained.

An indictment for false pretenses sufficiently describes the pro-
perty obtained, which avers that it consisted of a county
warrant of a designated amount and value and bearing a

· certain and designated number, that is "Hamilton County
Warrant No. 41,311 . . . of the value of one hundred and
sizty-five dollars." (*Post, pp.* 161-162.)

5. **SAME. Same. Reliance of party defrauded on false re-
presentation.**

An indictment which charges that the defendant by reason of
false and fraudulent representations and illegal, false and
fraudulent bills of cost became possessed of a county warrant,
sufficiently avers the reliance of the county issuing it on the
false pretenses averred. (*Post, pp.* 161-162, 165.)

6. **SAME. Same. Proof of one false pretense sufficient to
sustain.**

In an indictment charging two or more. false and fraudulent
pretenses, such as separate fraudulent bills of cost, proof of
any one of them, and the obtaining of property thereby,
would be sufficient to sustain a conviction. (*Post, p.* 163.)

Case cited and approved: Britt *v.* State, 9 Hump., 31, 42.

7. **SAME. Same.**

An indictment for false pretense by means of false, fraudulent,
forged and illegal bills of cost is not defective, which fails
to set out bills of costs. (*Post, pp.* 163-164.)

Code construed: Sec. 6568 (S).

Case cited and distinguished: Wallace *v.* State, 2 Tenn.
Cases 616.

8. **SAME. Same. Sufficient if false pretenses alleged to be
controlling inducement.**

In an indictment for false pretenses it is not necessary to aver
that the false pretenses constituted the sole inducement by
which the property is parted with, it being sufficient if they
have a controlling influence. (*Post, p.* 164-165.)

Authority cited: 2 Wharton Crim. Law, sec. 2121.

9. **LARCENY.. Indictment—Sufficiency.**

An indictment for larceny framed in the language of the stat-
ute, and which definitely describes the property taken and
gives the name of the owner thereof, is good. (*Post, p.* 166.)

Case cited: State *v.* Swafford, 3 Lea, 162.

State v. Morgan.

**10. SAME. County warrant—subject of.**
A county warrant may be the subject of larceny. (*Post*, p. 166.)
Case cited:   Millner *v*. State, 15 Lea, 179.

---

FROM HAMILTON.

---

Appeal from Circuit Court of Hamilton County. FLOYD ESTILL, Judge.

MURRAY, MURRAY & PEAKE, for Morgan.

CHARLES T. CATES, JR., Attorney-General, for State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The defendant was charged in the circuit court of Hamilton county, under an indictment containing two counts—one for obtaining county warrant No. 41,311, of that county, under certain false pretenses; and the other for larceny of the same warrant on the —— day of May, 1900. His honor, the circuit judge, quashed the indictment, and the State appealed in error.

The first count may be analyzed as follows:   (1) The averment as to the pretense is that the defendant, a constable of Hamilton county, represented to the county that he, as such constable, was entitled to Hamilton county warrants from the county, of the value of one hundred and sixty-five dollars, for services rendered as constable for the county in small

offense cases submitted by defendants in State causes,
and tried by and before Robert Wallace, a justice of
the peace of Hamilton county.   (2) The averment
upon the point of the false and fraudulent character
of these pretended bills of cost—that is, the negativ-
ing of the truth of the pretenses and the defen lant's
knowledge of their falsity—is as follows:   "The said
I. C. Morgan, constable aforesaid, was legally entitled
to Hamilton county warrants of the value of forty-
eight dollars, of good and lawful money of the United
States, upon legitimate cases where the defendants
were legally tried and submitted under the small-of-
fense law by and before Robert Wallace, justice of
the peace, aforesaid; but he was not entitled to re-
ceive from Hamilton county Hamilton county war-
rants of the value of one hundred and sixty-five dol-
lars, of good and lawful money of the United States,
and this the said I. C. Morgan well knew.   On the
day aforesaid the said I. C. Morgan, constable, drew
from Hamilton county Hamilton county warrant No.
41,311, which warrant included and was for costs
taxed in favor of I. C. Morgan upon false, fraudulent,
forged and illegal bills of cost to the amount of one
hundred and seventeen dollars, of good and lawful
money of the United States, and also legal costs taxed
to the credit of said I. C. Morgan to the amount and
of the value of forty-eight dollars, to which the said
I. C. Morgan was entitled." It is thus perceived these
bills of cost amounting to $165 (less $48, of lawful

costs) are averred to have been "false, fraudulent, forged and illegal," and they are subsequently characterized in the indictment as "false pretenses." (3) As to the fraudulent intent, the averments are that he "did unlawfully, feloniously, willfully, fraudulently and falsely represent to Hamilton county that he, as such constable, was entitled," etc., "which false, felonious and fraudulent representations the said I. C. Morgan well knew, at the time he made them, that they were false, and made for the purpose of deceiving and obtaining from Hamilton county the following personal property, to-wit," etc. Again: "The said I. C. Morgan well knew he was entitled to Hamilton county warrants only to the value of forty-eight dollars, and he did obtain the property aforesaid under false pretenses." (4) The averment as to the property obtained is that it consisted of "Hamilton county warrants of the value of one hundred and sixty-five dollars;" and again, "Hamilton county warrant No. 41,311, . . . of the value of one hundred and sixty-five dollars." (5) As to the reliance of Hamilton county on the said fraudulent pretenses, and defendant's procurement of the county warrant thereby, the averment is: "And by reason of the said unlawful, felonious, false and fraudulent representations, and said illegal, false and fraudulent bills of costs, the said I. C. Morgan did, on the day aforesaid, and in the county aforesaid, become possessed of said personal property, the property of Hamilton

county, which he, the said I. C. Morgan, unlawfully, feloniously and fraudulently converted to his own use."

The indictment is very inartificially drawn, all of the several elements above mentioned being mixed together, and several of them being repeated; but we think it is clearly sufficient as to the points 2, 3, 4 and 5. The only question, in our judgment, is whether the false pretense is sufficiently stated. This may be regarded from three standpoints, and is, in our judgment, sufficiently definite from either one. It may be said that the false pretense consisted in Morgan's representing to the county that he was entitled to one hundred and sixty-five dollars in warrants for services performed by him as constable in small-offense cases tried before Robert Wallace, justice of the peace, when in fact he was entitled to only forty-eight dollars in warrants for services performed. The pretense here would be that he had performed services to such an extent in the character of cases referred to as under the statutory fee bill would amount to one hundred and sixty-five dollars, when in truth he had performed services which, under the fee bill referred to, amounted to only forty-eight dollars. Or, it may be said that the pretense was that he had performed certain services aggregating under the fee bill one hundred and seventeen dollars in cases before Robert Wallace, justice of the peace, when in fact he had not performed such services. It is a different

way of stating the same thing. In each case the method of proof is the same. Or, again, it may be said that each separate fraudulent bill of costs was a false pretense. In this view the proof of any one of them, and the obtaining of the property thereby, would be sufficient to sustain a conviction. It is said in *Britt* v. *State,* 9 Humph., 31, 42, that a single pretense proved as laid, though joined with others is sufficient to support the indictment.

It is urged in defendant's brief that "the forged bills of costs are not set out as is required by law;" citing *Wallace* v. *State,* 2 Sh. Tenn. Cas., 616. This, we think, is an incorrect application of that authority. There the defendant was indicted, it is true, under the same section of the Code as was the present defendant, but under that clause of it which denounced the procurement by any false pretense, with intent to defraud, of "the signature of any person to any written instrument the false making of which is forgery." Code, section 6568. It was said that the instrument procured, not the false pretense by which it was procured, should be set out, so that the court could determine whether it was a written instrument, the false making of which would be forgery.

Moreover, without reference to the authority mentioned, it was not necessary in any view that the bills of costs alleged to have been forged, and to have constituted the false pretense or false pretenses, should have been set out in the face of the indict-

ment in the kind of case we have before us. They are sufficiently indicated in the indictment to prevent any mistake as to the bills intended. They are described as bills of costs for services purporting to have been rendered by the defendant, as constable of Hamilton county, in small-offense cases tried and submitted by defendants in State cases before Robert Wallace, a justice of the peace of Hamilton county, prior to the issuance of the warrant by the county. They are further described as aggregating one hundred and seventeen dollars, but we do not think this is material, as proof of any one of the illegal bills of costs, and that it operated as a part of the inducement for the issuance of the warrant, would be sufficient to sustain a conviction, under the rule stated in one of the preceding paragraphs. 9 Humph., 31, 42.

It is insisted that the indictment is not good, because the illegal bills of costs did not constitute the sole inducement to the county to issue the warrant, but that, on the contrary, it is shown on the face of the indictment that there were some legal bills of costs presented at the same time, and which constituted a part of the consideration of the warrant issued. This is not material. "It is not necessary to a conviction that the false pretenses should be the sole inducement by which the property in question is parted with. If they have controlling influence, it is enough, although other minor considerations operate upon the mind of the party." 2 Whart. Cr. Law,

section 2121.  The author cites numerous authori-
ties in a footnote in support of the proposition.

It is insisted that the first count is bad for duplici-
ty, but this contention is not a sound one.  From
the analysis which we have made of the count, it is
seen that only one offense is charged—that of ob-
taining the county warrant by false pretenses.

It is said that no facts are averred showing that
Hamilton county was deceived, or could have been
deceived, by the alleged false pretenses.  We think
the averment upon this subject is sufficient.  The
averment is, in substance, that the county warrant
was procured by the presentation of fraudulent and
forged bills of costs in a certain class of criminal
cases.  The presentation of forged bills of costs might
mislead any person of ordinary prudence.  The offi-
cial of the county whose duty it was to issue the
warrant would, as a general thing, justly presume
that an officer presenting bills of costs was honest;
and, further, if upon examination of the dockets he
should find cases of submission—the kind referred to
in the indictment—and bills of costs attached, he
would not, in the ordinary course of business of the
kind, deem it necessary to pursue the inquiry with a
view to ascertaining whether the defendants in those
cases were fictitious persons, and the whole entry
a forged or fictitious document.  There is nothing
upon the face of the indictment to indicate that a
person of ordinary prudence would have had, or

ought to have had, grave suspicions, or any grade of suspicion, aroused in his mind, with respect to the validity of the bills of costs referred to.

We are of opinion, therefore, that none of the objections to the first count are well taken.

We are of opinion that the second count also is good. Omitting the formal parts, it reads as follows: "That I. C. Morgan heretofore, on the ——day of May, 1900, in the county aforesaid, did unlawfully and feloniously, take, steal and carry away Hamilton county warrant No. 41,311, of the value of one hundred and sixty-five dollars of good and lawful money of the United States, the personal property of Hamilton county, against the peace and dignity of the State."

This embraces the language of the statute, sufficiently describes the property taken, and gives the name of the owner from whom it was taken, and is therefore good. *State* v. *Swafford,* 3 Lea, 162; 1 Whart. Cr. Law, section 364.

That a county warrant may be the subject of larceny, we think there can be no doubt. Such a paper falls within the principle decided in *Millner* v. *State,* 15 Lea, 179.

We are of opinion, therefore, that his honor, the circuit judge, was in error in quashing the indictment, and the cause must be remanded for trial.