STATE *v.* ROSS WITHERSPOON.

(*Jackson,* April Term, 1905.)

1. **MONOPOLIES, CONSPIRACIES, AND TRUSTS.** Statute (Acts 1903, ch. 140) against, is declared constitutional and valid.

The anti-trust statute (Acts 1903, ch. 140), declaring all agreements, trusts, and combinations, made with a view to lessen, or which tend to lessen, full and free competition in the transportation or sale of articles imported into the State, or in the manufacture or sale of articles of domestic growth, etc., and all agreements tending to control the price or cost to the purchaser or consumer of any product or article to be void, and subjecting parties to such agreements to criminal prosecution, is constitutional and valid. (*Post, pp.* 140-143.)

Acts cited and construed: 1903, ch. 140.

Cases cited and approved: Bailey v. Plumbers' Association, 103 Tenn., 99; State v. Brewing Co., 104 Tenn., 715; Connolly v. Pipe Co., 184 U. S., 554, 46 L. Ed., 679.

2. **SAME.** Indictment need not charge the means or the evidence of the conspiracy.

An indictment for a violation of the anti-trust statute (Acts 1903, ch. 140) need not charge the means by which the unlawful agreement and conspiracy was intended to be effectuated, or the evidence tending to prove the unlawful agreement, for it is sufficient to charge in the indictment the existence and object of the conspiracy, without any statement of the means intended to be used in its accomplishment. (*Post, pp.* 143, 144.)

Cases cited and approved: Rex v. Eccles, 1 Leach, 274; Rex v. Gill & Henry, 2 B. & Ald., 204; People v. Richards, 1 Mich., 216; State v. Crowley, 41 Wis., 271.

State .v. Witherspoon.

3.  **SAME. Indictment must state terms of agreement, the particular articles, and which are imported or of domestic growth or manufacture, when.**

An indictment for the violation of the anti-trust statute (Acts 1903, ch. 140), charging that the defendant, as agent of a certain corporation, did unlawfully, knowingly, and feloniously carry out the terms of the agreement, combination, and conspiracy entered into by such corporation with another corporation, made with a view to lessen, and which tended to, and did lessen full and free competition in the importation and sale of articles imported into this State, and in the manufacture and sale of articles of domestic growth and of domestic raw material and which tended to, and did advance and control the price and cost of product and article to the consumer and buyer, but failing to state the terms of the agreement, or arrangement entered into by the parties, and the particular articles imported or of domestic manufacture or growth, the price of which such agreement, arrangement, and conspiracy tended to control and lessen or advance, is fatally defective.

Acts cited and construed:    1903, ch. 140.

Constitution cited and construed:    Art. 1, secs. 9 and 14.

4.  **INDICTMENTS. In words of statute are generally sufficient.**

An indictment for a statutory offense which substantially follows the statute is generally sufficient.    (*Post, p.* 143.)

Cases cited and approved:    Griffin v. State, 109 Tenn., 17-21; State v. Morgan, 109 Tenn., 157-166.

5.  **SAME. Sufficient definiteness of.**

All indictments must be sufficiently definite and direct in their averments to give the defendant notice of the particular crime, with which he is charged, and the nature thereof, and must so describe and identify the offense that the judgment in the case can be relied on, in another prosecution for the same thing, as a former acquittal or conviction. (*Post, pp.* 143-147.)

State v. Witherspoon.

Cases cited and approved: Pearce v. State, 1 Sneed, 67; Daniel
   v. State, 3 Heis., 257; Lewis v. State, 3 Heis., 333; Smartt v.
   State, 112 Tenn., 539.
Constitution cited and construed: Art. 1, secs. 9 and 14.

FROM MADISON.

Appeal from the Criminal Court of Madison County.—LEVI S. WOODS, Judge.

ATTORNEY-GENERAL CATES, R. H. SPRAGGINS and BULLOCK & TIMBERLAKE, for State.

WM. H. BIGGS, for Witherspoon.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This case involves the sufficiency of an indictment against the defendant preferred under chapter 140, p. 268, of the Acts of 1903, commonly known as the "Anti-Trust Statute" of that year.

The indictment, other than the formal caption, is in these words:

"The grand jurors for the State upon their oath present that Ross Witherspoon heretofore, to wit, on the ——— day of April, 1903, and at divers other times since said date, and before the finding of the indictment

in this case, did in Madison county, Tennessee, unlawfully, knowingly, and feloniously as president, director and agent of the Southern Seating & Cabinet Company, a corporation chartered under the laws of the State of Tennessee, with its situs and principal place of business in Jackson, Tennessee, carry out the stipulations, purposes, prices, rates, and orders, made by the said Southern Seating & Cabinet Company with the American School Furniture Company, a foreign corporation, in furtherance of a conspiracy against trade, to wit, the said Southern Seating & Cabinet Company and the said American School Furniture Co. having theretofore entered into, and being then and there parties to an arrangement, contract, agreement, trust, and combination with a view to lessen, and which tended to, and did lessen full and free competition in the importation and sale of articles imported into the State of Tennessee, and in the manufacture and sale of articles of domestic growth and of domestic raw material, and which tended to and did advance and control the price and cost of such product and article to the consumer and buyer thereof against the peace and dignity of the State."

It was quashed upon motion of the defendant, the grounds of the motion being:

(1)   The said indictment does not charge or allege any crime or offense against the laws of Tennessee.

(2)   It does not contain a sufficient statement of the

facts constituting the offense or crime with the commission of which the defendant is charged.

(3)   It does not state and describe any particular violation of the statute upon which it is predicated, but is general and indefinite in its terms.   The State appeals, and assigns error.

The statute upon which this indictment is predicated (Acts 1903, p. 268, c. 140) has not been before this court for construction; but a similar statute, enacted in 1897 (Acts 1897, p. 241, c. 94), has been held constitutional and sustained. *Bailey* v. *Master Plumbers,* 103 Tenn., 99, 52 S. W., 853, 46 L. R. A., 561; *State* v. *Schlitz Brewing Co.,* 104 Tenn., 715, 59 S. W., 1033.

This act—the one construed in the cases cited—contained a section exempting from its provisions contracts in relation to agricultural products and live stock while in the hands of the producer or raiser.   A similar statute containing a like provision, enacted by the general assembly of Illinois was held by the supreme court of the United States, in the case of *Connolly* v.*Union Sewer Pipe Company,* 184 U. S., 554, 22 Sup. Ct., 431, 46 L. Ed., 679, to be for this reason a denial of the equal protection of the law, and repugnant to the fourteenth amendment of the constitution of the United States. The present act does not contain this objectionable provision.   It is the same in all particulars as the former act, with that exception, and both upon the authority of the cases of *Bailey* v. *Master Plumbers' Association* and *State* v. *Schlitz Brewing Company,* supra, and as

a question of first impression, we are of the opinion, and hold, that it is a valid and constitutional statute.

The only question, then for consideration in this case is whether or not the indictment preferred against the defendant sufficiently charges a violation of the statute. The indictment follows, and is in the language of the act, and it is said, and generally it is true, that an indictment for a statutory offense which substantially follows the statute is sufficient. *State v. Morgan,* 109 Tenn., 157-166, 69 S. W., 970; *Griffin v. State,* 109 Tenn., 17-21, 70 S. W., 61; 1 Whart. Crim. Law, section 364.

It is also correctly said that in a prosecution for a conspiracy, which a violation of this statute is by it declared to be, the means by which the unlawful agreement and conspiracy was intended to be effectuated, or the evidence tending to prove the unlawful agreement, need not be set out, and that it is sufficient to charge in the indictment the existence and object of the conspiracy, without any statement of the means intended to be used in its accomplishment; the means being only matters of evidence to prove the fact of conspiracy. 3 Whart. Crim. Law, section 1345; 1 Eddy on Combinations, p. 226, section 350; *Rex v. Eccles,* 1 Leach, 274; *Rex v. Gill & Henry,* 2 B. & Ald., 204; *People v. Richards,* 1 Mich., 216, 51 Am. Dec., 75; *State v. Crowley,* 41 Wis., 271, 22 Am. Rep., 719.

But this does not meet the objection to this indictment. It is not that the indictment fails to set out the

means by which the conspiracy charged was intended
to be carried into effect, but that the conspiracy and
the object to be effected are not sufficiently stated and
charged so as to give the defendant notice of the par-
ticular crime and its nature with which he is charged,
and to so describe and identify the offense that the
judgment in this case could be relied upon in another
for the same thing, as a former acquittal or conviction.
All indictments must be sufficiently definite and direct
in their averments to do these things. It is provided
by our constitution: "That no person shall be put to
answer any criminal charge but by presentment, indict-
ment or impeachment," and "that in all criminal pros-
ecutions the accused hath the right to be heard by him-
self and his counsel and to demand the nature and cause
of the accusation against him and to have a copy there-
of." Const. art. 1, sections 9, 14.

This court said in the case of *Pearce* v. *State,* 1 Sneed,
67, 60 Am. Dec., 135, where the presentment was in the
language of the statute, and charged the defendant with
"unlawfully and knowingly voting in the county of
Rhea, not being a qualified voter of said county": "We
think the presentment bad. The nature and cause of
the accusation are not well stated. The presentment is
in the words of the statute, and the words are 'a quali-
fied voter.' And for the facts which constitute a qual-
ified voter we are to refer to the constitution and laws,
from which it will be seen that there are several
grounds of disqualification. Now, for which of these

causes was the defendant disqualified? The present-
ment does not inform him, and the cause can only ap-
pear in the proof, when he may be taken by surprise
and be wholly unprepared to make his defense, how-
ever just and valid it may be."

And in *Daniel* v. *State,* 3 Heisk., 257, in sustaining
a motion to quash a presentment against the plaintiff
in error charging him with unlawfully and feloniously
assuming to act as a justice of the peace of Meigs
county, in trying a certain party upon a day named for
a misdemeanor, "he not being at said time a legally
qualified justice of the peace," this court, after quoting
article 1, section 9, of the constitution above stated,
said: "The object of this provision is unmistakable and
clear, that a party accused should know from the state-
ments and allegations of the indictment or presentment
against him, not only the charge or accusation, but its
nature and cause. It is intended to give him notice of
the facts sought to be proved against him in order to
his conviction, and for this purpose he is entitled to
have a copy of the accusation." And, after citing the
case of *Pearce* v. *State,* supra, proceeds: There are at
least four cases of disqualification from holding office
in our State, so that the above case is conclusive of this
one; unless we should overrule it; which we do not
feel that we ought to do. We have examined this record
containing the presentment, trial, and conviction, with
the proceedings had therein, but as there is no bill of ex-
ceptions containing the proof in it, we are totally at a

loss to surmise what was the 'nature and cause of the accusation' of which the party stands convicted. We, therefore, cannot hold that the presentment gave the defendant notice of the offense with which he stood charged with sufficient certainty to enable him to make his defense to it understandingly."

In *Lewis* v. *State,* 3 Heisk., 333, where the indictment charged the defendant with having stolen, "one five and one dollar greenback bill United States currency, national bank bills, and money," in sustaining a motion for arrest of judgment it is said: "Can it be determined from this statement, with reasonable certainty, what it is that is charged to have been stolen? Certainly greenback bills, United States currency, national bank bills, and money, cannot all mean the same thing; and to charge in the same count that a bill is a greenback bill, United States currency, national bank bill, is certainly indefinite and uncertain in its description of the articles said to have been stolen."

In the late case of *Smartt & Carson* v. *State,* 112 Tenn., 539, 80 S. W., 586, the indictment charged the plaintiffs in error with the crime of committing an abortion, and with administering a drug and using instruments for the purpose of affecting an abortion in the language of the statute, but the manner in which the instrument was used was not stated, and for this reason a motion was made in trial to quash the indictment because of an insufficient statement of facts constituting the offense, but was overruled. This court,

in reversing the judgment of the trial court for failure to sustain the motion, said: "The principle underlying the rule is that there must be sufficient facts alleged to reasonably identify the special transaction upon which the defendant is being prosecuted, not only that he may know whereof he is accused, and may prepare his defense, but also in case of a subsequent prosecution, it may be made to appear whether he was prosecuted twice concerning the same matter. The mark of identification is slight, but it is substantial; and in a class of cases where the allegations of the indictment are necessarily very general, such means of marking the transaction, which the case easily lends itself to, should not be ignored, but should be insisted upon."

This indictment does charge that the defendant "as president, director, and agent of the Southern Seating & Cabinet Company, in Madison county, Tennessee," did unlawfully, knowingly, and feloniously carry out the terms of the agreement, combination, and conspiracy entered into by the Southern Seating & Cabinet Company with the American School Furniture Company, made with a view to lessen, and which tended to, and did lessen, full and free competition in the importation and sale of articles imported into this State and the manufacture and sale of articles of domestic growth and of domestic raw material, and which tended to, and did advance and control the price and cost of such product and article to the consumer and buyer. But it utterly fails to state the terms of the agreement,

or arrangement entered into by the parties, and the
particular articles imported or of domestic manufac-
ture or growth, the price of which such arrangement,
agreement and conspiracy tended to control and lessen
or advance. The indictment would apply to imported
articles as well as domestic articles, and to domestic
manufactured articles equally with articles of raw ma-
terial. It would apply equally to any one of the hun-
dreds of articles of commerce which are imported in-
to the State, or which are here manufactured or other-
wise produced. It clearly, for these reasons, fails to
give the defendant any notice of the nature of the
charge brought against him, or of the particular crime
with which he is accused, and is held to answer, so that
he could with intelligence prepare his defense. Nor is
the crime charged so identified that the record in this
case could be relied upon in another for the same of-
fense upon the plea of former conviction or acquittal.
The indictment should charge the particular article,
whether imported or of domestic manufacture and
growth, in relation to which the contract, arrangement,
and agreement between the parties is made, and the ef-
fect of such arrangement upon the prices of such arti-
cles. Without a statement of these facts the defendant
will be put to trial without presentment or indictment,
and will be denied his constitutional right to know the
nature and cause of the accusation against him.

The judgment of the trial court sustaining the motion
to quash this indictment must therefore be affirmed.

State v. Witherspoon.

The defendant may be required to enter into a recognizance to appear at the next term of the circuit court of Madison county to answer such further proceedings as may be had in that court, in relation to the offense attempted to be charged against him in the indictment quashed.