## STATE *v.* NANNIE DAY STEPHENS.

### [(*Nashville.* December Term, 1912.)]

**1. INDICTMENTS. Constitution leaves it to legislature to prescribe what shall constitute the accusation and the form of the charge.**

The constitutional provision (art. 1, sec. 9), guaranteeing to the accused the right "to demand the nature and cause of the accusation against him," leaves it to the legislature to prescribe what shall constitute the accusation, and in what form the crime shall be charged. (*Post, p. 284.*)

Constitution cited and construed: Art. 1, sec. 9.

Case cited and approved: Sizemore v. State, 3 Head, 27.

**2. SAME. Indictment for larceny of money that is sufficient in description of the money.**

Under the constitutional provision (art. 1, sec. 9), guaranteeing to the accused the right "to demand the nature and cause of the accusation against him," and under the statutory provisions (Shannon's Code, sec. 7077) prescribing that the statement of facts shall be in ordinary and concise language without prolixity or repetition; (Shannon's Code, sec. 7078) providing that in no case are the words not essential to constitute the offense necessary or proper; (Shannon's Code, sec. 7082) providing that indictments for offenses designated by law which are offenses at the common law are good, if the offense is charged or described according to the common law; (Shannon's Code, sec. 7083) providing that, on the other hand, in all cases where the common law prescribes particular and technical language to describe a Code offense, it is sufficient to describe it according to the general rules in that chapter of the Code; and (Shannon's Code, sec. 7080), another section in the same chapter, requiring that the act or omission charged as the offense shall be stated with such certainty as will enable the court to pronounce judg-

State v. Stephens.

ment upon the conviction, according to the right of the case; where the indictment charged that the defendant did "unlawfully and feloniously take, steal, and carry away $400, good and lawful money of the United States, personal property of Bert Hammock," upon motion to quash said indictment upon the ground that it did not describe the money alleged to have been stolen by denomination or otherwise, as required by law, it was *held* that the indictment was sufficient in the description of the money, and that nothing more was required by the consituation and statute. (*Post, pp.* 284-291.)

Code cited and construed: Secs. 7077-7083 (S.); secs. 5943-5949 (M. & V.); secs. 5114-5120 T. & S. and 1858).

Constitution cited and construed: Art. 1, sec. 9.

Cases cited and approved: State v. Pearce, Peck, 66; Pyland v. State, 4 Sneed, 357; Millner v. State, 15 Lea, 180; State v. Hall, 2 Shannon's Cases, 590; Givens v. State, 103 Tenn., 651; State v. Bonnine, at Knoxville, 1908; People v. Hunt (Ill.), 36 L. R. A. (N. S.), 933, 939, 940, 941.

Cases cited and distinguished: State v. Longbottoms, 11 Humph., 39; Lewis v. State, 3 Heisk., 333.

---

### FROM MARION.

---

Appeal from the Criminal Court of Marion County. —S. J. McReynolds, Judge.

Assistant Attorney-General Faw, for State.

John T. Raulston, for defendant.

---

Mr. Justice Buchanan delivered the opinion of the Court.

From a judgment sustaining a motion to quash an indictment which charged that Nannie Day Stephens

did "unlawfully and feloniously take, steal, and carry away $400, good and lawful money of the United States, personal property of Bert Hammock," the State has appealed.

The ground laid in the motion to quash was that the indictment did not describe the money alleged to have been stolen by denomination or otherwise, as required by law. The holding of the circuit court upon this motion was that the indictment was defective, in that it failed to describe the money alleged to have been taken by denomination.

Among other rights guaranteed to the defendant by the ninth section of the first article of the constitution of Tennessee is that "to demand the nature and cause of the accusation against him" or her.

But it was held at an early day by this court that "it must be left to the legislature to prescribe what shall constitute the accusation—in what form the crime shall be charged." *Sizemore* v. *State,* 40 Tenn. (3 Head), 27.

The legislature has prescribed that "the statement of the facts constituting the offense in an indictment shall be in ordinary and concise language, without prolixity or repetition." Section 7077, Shannon's Code.

By section 7078 of the same Code, it is provided that "in no case are the words 'force and arms,' or 'contrary to the form of the statute,' or 'moved and instigated by the devil,' or other words not essential to constitute the offense necessary or proper."

And while section 7082 of the same Code does provide that all indictments for offenses designated by law, which are offenses at the common law, are good if the offense is charged or described according to the common law, yet it is further provided by section 7083 that "on the other hand in all cases where the common law prescribes particular and technical language to describe an offense punished by this Code, it is sufficient to describe the offense according to the general rules in this chapter." But by section 7080, in the same chapter and Code, the legislative intent as to the certainty with which the offense shall be charged is further made apparent by these words:

"The act or omission charged as the offense shall be stated with such degree of certainty as to enable the court to pronounce judgment upon the conviction according to the right of the case."

Some of our cases shedding light on the question here involved are as follows:

*State* v. *Pearce,* 7 Tenn. (Peck), 66. In that case it was said:

"That degree of precision in the description of an offense cannot be given in an indictment, so as to distinguish it *per se* from all other cases of a similar nature. Such a description amounting to identification must rest in averment, and its absence in description can be no test of the certainty required either for defense against the present, or protection against future, prosecution for the same matter. But that certainty is only necessary that will enable the jury to decide

in a case of theft whether the chattel proved to have been stolen is the very same with that upon which the indictment is founded, and show judicially to the court that it could have been the subject-matter of the offense charged. That will secure defendant from further prosecution for the same offense after acquittal or conviction. See 1 Chitty, 235-6."

*State* v. *Longbottoms,* 11 Humph., 39. In that case, the indictment charged the larceny of "ten dollars, good and lawful money of the State of Tennessee." This court held the objection made to the sufficiency of the description to be well founded, saying:

"Where personal chattels are the subject of an offense, as in larceny, they must be specifically described by the names usually appropriated to them, and the number and value of each species, the particular kind of each goods, stated." 2 Hale, 182, 183; Arch. Cr. Pl. (London Ed.), 49. Money should be described "as so many pieces of the current gold or silver coins of the realm, and the species of each coin must be stated by its appropriate name." R. & R., 482; Arch., 50. Sections 7077 to 7081, inclusive, of Shannon's Code, first appeared in our legislature in the Code of 1858, and the *Longbottoms Case,* supra, was decided in 1850.

*Pyland* v. *State,* 4 Sneed, 357. The indictment in that case charged the larceny of "ten five-dollar bank bills, of the value of five dollars each, four ten-dollar bank bills, of the value of ten dollars each, two twenty-dollar bank bills of the value of twenty dollars each." This court said:

State v. Stephens.

. "We hold this 10 be a sufficient description, and the particular circumstances of description and of identification necessary to make out the case are matters of proof. The evidence must show all the facts necessary to convince the jury that the notes stolen were genuine and valuable."

*Lewis* v. *State,* 3 Heisk., 333. In that case the indictment charged "the larceny of one five and one two dollar greenback bills, United States currency, national bank bills, and money of the goods and chattels of Dan Kelly, and of the value of seven dollars," etc. This court held the description insufficient, upon the ground that it was not to be determined with reasonable certainty what it was that was charged to have been stolen, saying:

"Certainly, greenback bills, United States currency, national bank bills, and money cannot mean the same thing; and to charge in the same count that the bill is a greenback, United States currency, national bank bill, and money is certainly indefinite and uncertain in the description of the articles said to have been stolen."

The court further held that the defect could not be cured by rejecting as surplusage a part of the charge, so as to render intelligible that which remained, on the ground that it could not determine what part to reject.

We think the case at bar is clearly distinguished from the one last referred to, in that the indictment in this case simply charged the money stolen to have been good **and lawful money of the United States, stating, also,**

the amount thereof and the name of the owner from whom stolen. There is here no ambiguity or uncertainty as to which of several things was meant. Only one thing could have been meant by the charge in this case, to wit, that the money stolen was good and lawful money of the United States, and that it amounted to a certain sum named in the indictment, and that it was the property of a certain person therein named.

*Millner* v. *State,* 15 Lea, 180. In that case, the defendant was indicted for larceny of a railroad ticket entitling the owner to passage from Knoxville, Tenn., to Washington, D. C., and averred to be of the value of $17, and the property of the person in the indictment named. This court held the description of the property to be sufficient, saying:

"We know as matter of daily occurrence and current history that tickets are sold in this great country entitling the owner to cross the continent from ocean to ocean by connecting roads, and to pass from the extreme North to the extreme South. Such owner may not know, or may have forgotten, by what company it was issued, or the precise line it entitled him to take. The statute intended to punish the stealing of such a ticket, and, in analogy to the settled rule as to bank bills and legal coin, as well as in virtue of the provisions of the Code, and the general principles of our decisions, the description of such a ticket in ordinary language, and in the words of the indictment before us, is sufficient."

*State* v. *Hall,* 2 Shan. Cas., 590. In that case the indictment charged "that defendant feloniously did

steal," etc., "one five-dollar bill and five ten-dollar bills, of the goods," etc. This court, in disposing of that case, said:

"The language of this indictment is the ordinary language to express the fact intended. Its meaning is clear and unmistakable; every one understands at once, when a man is charged with stealing one five-dollar bill and five ten-dollar bills, 'that those bills of this denomination that pass current as money,—no one doubts this. Yet we are asked to hold that this shall not be so understood in an indictment. We can see no principle on which this can be required."

*Givens* v. *State,* 103 Tenn., 651, 55 S. W., 1107. In that case, where the charge against the defendant was murder, one of the questions raised was upon the sufficiency of the indictment. This court stated the rule as follows:

"The rule is that the statement of the offense should be sufficiently certain to notify the defendant and the court of the nature of the crime charged, and to enable the defendant to plead any judgment which may be rendered in the case as a bar to subsequent prosecution for the same offense."

*State of Tennessee* v. *Andrew Bonnine.* In that case, as shown by a memorandum opinion rendered by Mr. Justice McAlister at the Knoxville term of this court of the year 1908, the charge in the indictment was that the defendant on a day named did unlawfully, feloniously, and fraudulently convert to his own use $50.20, lawful

money of the United States, said money being the personal property of L. E. M. Payne, under circumstances and details all of which were set out in the indictment. One of the questions made in the case was that the money mentioned in the indictment "is not definitely and sufficiently described, so that the same may be definitely identified."

The holding of the court, however, was that the description of the money was sufficiently definite, and the opinion is an able discussion of many of the authorities referred to herein.

To the case of *People* v. *Hunt,* Supreme Court of Illinois, reported in volume 36 of the L. R. A. (N. S.), at page 933, is appended an exhaustive case note upon the subject here under consideration, which discloses quite a diversity of holdings by courts of last resort in the United States upon this question. This diversity of opinion no doubt results from the fact that in some jurisdictions the common-law rule requiring minute description of the money alleged in the indictment to have been stolen has never been modified by statute, while in other jurisdictions, as we have seen is the case in our own State, such modification has been made. In the note above referred to—pages 939, 940, and 941—many cases are referred to, where in each the description was similar to that in this case, and was held to be sufficient. The *Bonnine Case,* from our own court, already referred to, presented the exact point upon which we are called to pass in the case at bar; and

State v. Stephens.

we are quite content to follow the conclusions reached by this court in that case.

By the indictment before us, the defendant had full notice of the nature and cause of the accusation against her. The language used to convey this notice was ordinary and concise, and also without prolixity or repetition, and conveyed its meaning with such degree of certainty as to enable the court to pronounce judgment upon the conviction according to the right of the case, and under which the defendant is enabled to plead any judgment which may be rendered in the case as a bar to subsequent prosecution for the same offense or charge. Nothing more than this is required, either by our constitution or by our statutes.

Therefore the judgment of the circuit court is reversed, and the cause remanded for trial.