JAMES BAXTER *v.* THE STATE.

(*Knoxville.*   September Term, 1928.)

Opinion filed December 8, 1928.

1. **COSTS.**

   Where an appeal is dismissed for failure to perfect such appeal
   by an appellate court, such court has power to adjudge costs
   against the party attempting to appeal.   (Post, p. 533.)

   Citing: Shannon's Code, sec. 4957.

2. **APPEAL AND ERROR.**

   Where appeal is dismissed for failure to perfect the same, ap-
   pellate court has no jurisdiction to do more than adjudge costs.
   (Post, p. 534.)

---

**FROM SEVIER.**

---

Appeal from the Circuit Court of Sevier County.—
HON. JAMES L. DRINNON, Judge.

D. C. BOGART, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE SWIGGART delivered the opinion of the
Court.

James Baxter was arraigned before a justice of the peace for Sevier County upon a warrant issued by the justice, charging him with unlawfully leaving open a gate upon the lands of another, etc.; a misdemeanor of which jurisdiction is vested in justices of the peace by sections 6504 and 6505 of Shannon's Code.

Baxter was found guilty by the justice of the peace, and the judgment rendered by the justice recites that an appeal was prayed (to the circuit court) and that the appeal bond was fixed at $250.

The case was thereafter docketed in the circuit court of Sevier County, and a judgment entered dismissing the appeal because no appeal bond had been filed. The judgment of the circuit court directed that Baxter pay the costs of that court, for which execution was awarded, and further directed that a *procedendo* issue to the justice of the peace for the execution of the judgment by him rendered. Baxter filed his motion for a new trial which was overruled; whereupon he prayed and was granted an appeal to this court.

The principal contention made for Baxter in this court is that because no appeal bond was filed with the justice of the peace, the circuit court was not vested with any jurisdiction over the case, and was, therefore, without power to render judgment for the costs.

(1) It is our opinion that the circuit court was vested with authority and power to render judgment for the costs against Baxter, under the provisions of section 4957 of Shannon's Code (all editions), as follows:

"Where a suit is dismissed from any court for want of jurisdiction, or because it has not been regularly transferred from an inferior to a superior court, the

costs shall be adjudged against the party attempting to institute or bring up the cause.''

We think the circuit court was justified in treating Baxter as the party attempting to bring the case from the justice of the peace to the circuit court, within the meaning of this section of the Code. The appellate courts have consistently treated the statute as authorizing a judgment for costs against an appellant whose appeal from the circuit or chancery courts has been dismissed for want of an appeal bond.

(2) We cannot consider other assignments of error, by which a construction of the statute defining the offense charged in the warrant is sought, for the reason that the circuit court, from which Baxter's appeal to this court is prosecuted, was without jurisdiction to do more than adjudge the costs, under the Code section cited.

The judgment of the circuit court will accordingly be affirmed.