STATE OF TENNESSEE *v.* HENRY ESTES.

(*Nashville,* December Term, 1955.)

Opinion filed February 3, 1956.

Hugh Lee Webster and Dewitt Fisher, both of Columbia, for defendant in error.

Knox Bigham, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

The State has appealed from the action of the trial judge in quashing indictments in two cases, which charge separate offenses, to wit, (1) the violation of Section

10857 of Williams' Code of Tennessee, Section 39-4530, T. C. A.; and (2) the violation of Section 10883 of Williams' Code of Tennessee, Section 39-3109, T. C. A.

Code Section 10857 reads as follows:

"Any person who shall pull down the fence of another and leave the same down, without permission of the owner, or shall open and leave open the gate of another, without permission, shall be deemed guilty of a misdemeanor, and shall be liable, for every such offense, to a fine of not less than two nor more than ten dollars, to be recovered by warrant before a justice of the peace, at the instance of the person against whom the offense was committed."

The defendant moved the court to quash the indictment in Case No. 1 "upon the ground that said indictment is so indefinite in its description, or ownership of the property, that it will take proof to establish the basic ingredients of the offense." In support of its assignment of error, contention is made by the State that the indictment is sufficient in that the offense charged is in the language of the statute, and the property and ownership thereof is described "as being the fence of Edward Williams", who was the prosecutor in the case.

Pretermitting the alleged insufficiency of the indictment based upon inadequacy of description, we think the act complained of, and set forth in the indictment, is not a public wrong and hence not an indictable offense. It is true the statute declares that pulling down the fence of another without permission or leaving open the gate of another is "a misdemeanor". The statute expressly provides that the person injured may have a civil action by "warrant before a justice of the peace" to recover a penalty of "not less than two nor more than ten dollars" for "every such offense". But it is not a crime that is

punishable by indictment. The defendant is in no wise charged with the malicious injury to the property of another. In *Baxter* v. *State,* 157 Tenn. 532, 11 S. W. (2d) 854, the Court takes notice of the right of the accused to appeal a judgment of the Justice of the Peace to the Circuit Court. In this case Baxter was arraigned before a Justice of the Peace of Sevier County upon a warrant charging him with unlawfully leaving open a gate upon the lands of another. He was found guilty by the Justice, and upon appeal judgment as to cost was affirmed.

The foregoing Section of the Code is one among many sections dealing with "Trespass and Injuries to Property" beginning with Section 39-4501, T. C. A., and ending with Section 39-4533, T. C. A. The offenses in many instances are declared to be misdemeanors, while others are classified as a felony. The penalty is fixed by the statute for certain specific wrongs, while in others it rests within the sound discretion of the trial court.

■ "On general principles, where the statute which creates an offence does not make it indictable, but prescribes a penalty, the specific remedy given, the penalty excludes the resort to an indictment." *State* v. *Maze,* 25 Tenn. 17. The foregoing was reaffirmed in *Pressly* v. *State,* 114 Tenn. 534, 86 S. W. 378, 379, 69 L. R. A. 291, with the following additional statement: "It would seem to be true, also, that where the statute creates an offense, and prescribes a special form of punishment, this would exclude any other different or additional punishment." To the same effect is *Murphy* v. *State,* 114 Tenn. 531, 86 S. W. 711. In the latter case Murphy was indicted for permitting stock to run at large, the same being made "unlawful" by Chapter 499, Acts of 1903. The act provided a civil remedy against all violators, as it does in the case now before us.

While pulling down a fence, or leaving open a gate, upon property may result in injury to the owner it is primarily a wrong which ordinarily gives rise to a civil action for damages. Since the statute fixes only a penalty against the accused to be recovered before a Justice of the Peace it seems that criminal action by indictment was not contemplated by the Legislature. Further evidence of such intent appears in 39-4531, T. C. A., which provides that enforcement of the penalty "shall not preclude the injured party from the recovery of damages for actual injury sustained, in an action on the case."

The judgment of the trial court in Case No. 1 is affirmed.

We next consider the State's assignment of error in Case No. 2. The offense for which the defendant was indicted appears in Sections 10883 and 10884 of Williams' Tennessee Code, Section 39-3109, T. C. A., and reads as follows:

"No person who has been dispossessed of any premises by action of forcible or unlawful detainer, or entry and detainer, shall again illegally possess himself of the said premises. On conviction of this offense, on indictment or presentment in the county where it was committed, the defendant shall be fined not less than five dollars ($5.00) nor more than fifty dollars ($50.00), and shall be imprisoned not less than two (2) nor more than ten (10) days."

The indictment charges the offense in the language of the statute. It is an indictable offense; the statute provides no other remedy. Following the return of the foregoing indictment the defendant filed a motion to quash the same upon the ground, "that the indictment is indefinite in the description of any particular premises or property in the 8th Civil District of Maury County

Tennessee, real personal or mixed; and further fails to show any certain action of any certain Court with regard to the uncertain premises.''

The motion to quash was sustained by the trial court. The State thereupon appealed and assigned this action of the court as error.

Contention is made by the defendant that the indictment is wholly insufficient in that it fails to describe the property which he is alleged to have illegally entered and repossessed after being legally evicted therefrom and that neither the time, the style of the cause or the court in which the adjudication as to the lands in question is pointed out. In support of the foregoing insistence the counsel refers the Court to 40-1802 and 40-1805 of T. C. A., which relate to the form and necessary averments in indictments of this kind.

The wrong which the statute denounces in the case at bar is certain in all respects. It states the facts constituting the offense in concise language, and is sufficient notice to the defendant of what he is called upon to answer. While the lands involved are not described other than by its location in the 8th Civil District of Maury County, we think it was sufficient. Nor do we think it was fatal to the indictment that the court in which the unlawful detainer suit was tried was not described. It is also true the time the offense is alleged to have been committed is not averred in the indictment. But it is not material because it is not of the essence of the offense. Moreover the statute, Code Section 10885, Williams' Code of Tennessee, Section 39-3110, T. C. A. expressly provides that ''no evidence *shall be required or admitted*'' etc. ''but that the defendant had been turned out of possession'' and ''that he had again taken possession of the premises.'' (Emphasis ours.)

The clear legislative intent as set forth in the foregoing Code Section is to confine the issue to a specific act, and to exclude evidence relating to a cross-action or any collateral issue.

■ As to the sufficiency of the indictment in describing the offense the Legislature has the power to prescribe what shall constitute the accusation—in what form the crime shall be charged. *State* v. *Stephens,* 127 Tenn. 282, 154 S. W. 1149; *Tipton* v. *State,* 160 Tenn. 664, 28 S. W. (2d) 635.

■■ If the language of the act is insufficient to give the defendant notice of the offense, or the nature of the charge, the indictment which merely follows the language of the statute may be dismissed on motion to quash. *State* v. *Witherspoon,* 115 Tenn. 138, 90 S. W. 852. The fundamental test of the sufficiency of an indictment is the adequacy of the notice to the defendant conveyed by its terms. *Green* v. *State,* 176 Tenn. 449, 143 S. W. (2d) 713; *State* v. *Overton,* 193 Tenn. 171, 245 S. W. (2d) 188. See other cases cited in footnotes to Section 40-1802, T. C. A. In *State* v. *Odam,* 70 Tenn. 220, where the accused was indicted for selling an intoxicating beverage within four miles of an incorporated institution of learning, the indictment was held good without designating the institution or the beverage.

■ The gist of the crime for which the defendant is called upon to answer is his alleged defiance of the court's judgment dispossessing him and his unlawful reentry upon and repossession of the property of the prosecutor. We think the learned trial judge was in error in quashing the indictment in this case. It is accordingly reversed and remanded for trial on the merits.