IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## JORGE ACOSTA RUBIO v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 04-CR-8635    R. Lee Moore, Judge**

—————

**No. W2004-02850-CCA-R3-HC  - Filed July 22, 2005**

—————

The Petitioner, Jorge Acosta Rubio, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES AND JOHN EVERETT WILLIAMS, JJ.  joined.

Jorge Acosta Rubio, pro se.

Paul G. Summers, Attorney General & Reporter; David Edward Coenen, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On July 3, 1986, the Petitioner, Jorge Acosta Rubio, was convicted of murder in the first degree and was sentenced to life imprisonment.  *State v. Rubio,* 746 S.W.2d 732 (Tenn. Crim. App. 1987).  His conviction and sentence were affirmed by this Court on direct appeal.  *Id.*  Petitioner sought post-conviction relief based on an allegation of ineffective assistance of counsel.  *See State*

1

*v. Jorge Rubio*, No. 01C01-9109-CC-00062, 1991 WL 261843, *1 (Tenn. Crim. App., at Jackson, Dec. 13, 1991), *perm. to appeal denied,* (Tenn. Mar. 30, 1992). Relief was denied in the trial court and this Court affirmed the denial. *Id.* The Petitioner is presently confined at Northwest Correctional Complex in Tiptonville, Tennessee.

On October 26, 2004, the Petitioner filed a petition for writ of habeas corpus relief in the Lake County Circuit Court. As grounds for relief, Petitioner alleged first, that the sentencing court did not have jurisdiction to pass judgment due to the duplicity of the indictment. He also argued that the indictment failed to vest jurisdiction in the trial court. Third, Petitioner alleged that the judgment is void due to the ambiguity pertaining to the Class X law. Next, he claimed that he is entitled to immediate release due to the court's failure to instruct the jury on the essential mental elements of homicide and/or intent to kill. Finally, Petitioner Rubio complains that, due to the cumulative defects in the foundation and structure of his sentence, he is being illegally restrained of his liberty. On November 8, 2004, the trial court denied habeas corpus relief. In denying relief, the trial court entered the following findings of facts and conclusions of law:

> . . . The Court has reviewed a copy of the indictment and found it to be in accordance with T.C.A. 40-13-201 and T.C.A. 40-13-202. The issues as to ambiguity pertaining to the Class X law and the failure to instruct the jury on essential mental elements of Homicide and/or Intent to Kill are not proper subject for writ of habeas corpus relief.

> Therefore, the petition for writ of habeas corpus relief is denied.

Petitioner timely filed a notice of appeal document on November 19, 2004.

The State has filed a motion requesting that this Court affirm the lower court's denial of habeas corpus relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the Petitioner failed to comply with the mandatory procedural requirements for seeking habeas corpus relief. Specifically, the Petitioner failed to state whether or not this was his first habeas corpus petition and proceedings. Alternatively, the State asserts that affirmance by memorandum opinion of this Court is warranted because the Petitioner failed to state a colorable claim for habeas corpus relief.

It is well established that the grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman,* 153 S.W.3d at 20 (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.*

2

Petitioner claims that (1) the indictment against him failed to confer jurisdiction upon the trial court, (2) the judgment is void due to ambiguity in the Class X sentencing law, (3) he is entitled to immediate release due to the trial court's failure to properly instruct the jury as to essential elements, and (4) the cumulative defects and the Supreme Court's decision in *Blakely v. Washington* render his restraint illegal. Petitioner's challenges to the jury instructions, even if proven, would render the convictions voidable, and not void. *See Passarella* , 891 S.W.2d at 627. Similarly, any claim that his conviction or sentence is void as he was sentenced in violation of *Blakley v. Washington* fails as, even if such a violation had occurred, the violation would only render the judgment voidable, not void.[1] *See Earl David Crawford v. Ricky Bell,* No, M2004-02440-CCA-R3-HC, 2005 WL 354106, *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Finally, it appears from the argument made by Petitioner that he contests the validity of the judgment against him due to the fact that the Class X Sentencing Law was repealed in 1989. The offense occurred in 1985. Petitioner was convicted and sentenced in 1986. Accordingly, he was properly sentenced under the Class X Sentencing Law. This Court has previously held that such a claim to the Class X Sentencing Law is not a claim for habeas corpus relief. *See Eddie DePriest v. State,* No. W2003-02561-CCA-R3-HC, 2004 WL 1872897, *2 (Tenn. Crim. App., at Jackson, Aug. 20, 2004). Thus, these claims are not cognizable in a habeas corpus proceeding. Where the allegations in a petition for writ of habeas corpus relief do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell*, 59 S.W.2d 90, 93 (Tenn. 2001).

Petitioner also contests the validity of the indictment against him. In most instances, a challenge to the sufficiency of an indictment is not cognizable in a habeas corpus proceeding. *Haggard v. State,* 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971)**; *see* Tenn. R. Crim. P.12 (b)(2) (stating that "[d]efenses and objections based on defects in the indictment" must be raised prior to trial). However, if an indictment fails to state an offense, the subsequent conviction on the defective indictment is void because no crime is before the court and because the court lacks jurisdiction. *Charles Edward Orren v. Howard Carlton,* No. 03C01-9704-CR-00141, 1998 Tenn. Crim. App. LEXIS 193, at *3 (Tenn. Crim. App., at Knoxville, Feb. 13, 1998) (citing** *State v. Nixon,* 977 S.W.2d 119 (Tenn. Crim. App. 1997)**). Therefore, if an invalid indictment fails to properly charge an offense and causes the convicting court to be without jurisdiction, that indictment may be challenged in a habeas corpus proceeding. *Id.* at *4. It is well settled that an indictment must provide sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill,* 954 S.W.2d 725, 727 (Tenn. 1997)**. The indictment in the present case charged the Petitioner as follows:**

---

[1] We further acknowledge that this court has previously held that the *Blakely* holding is not to be applied retroactively. *Earl David Crawford v. State*, No. M2004-02440-CCA-R3-HC, 2005 WL. 354106, *1; *see also Isaac Herron v. State,* No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) (*order*). Additionally, our supreme court's decision in *State v. Edwin Gomez and Jonathan S. Londono*, -- S.W.3d --, 2005 WL 856848, * 1 (Tenn. Apr. 15, 2005), *reh'g denied*, (May 18, 2005), holding that the *Blakely* decision is not applicable to the 1989 Sentencing Act. Notwithstanding, we recognize that the *Gomez* decision is not dispositive of the issue in this case as the Petitioner was not sentenced under the 1989 Act.

3

**The Grand Jurors for the State of Tennessee . . . present:**

**That JORGE ACOSTA RUBIO . . . On the ＿ day of August, 1985, with force and arms, in the County aforesaid, unlawfully, feloniously, willfully, deliberately, premeditatedly and maliciously, did make an assault upon the body of one Kevin Webb and he the said Kevin Webb he the said JORGE ACOSTA RUBIO then and there did unlawfully, feloniously, willfully, deliberately, premeditatedly and of his malice aforethought, kill and murder, against the peace and dignity of the State.**

**The Petitioner first asserts that the indictment against him is void as it is duplicitous in that it charges him with both murder and assault. Next, he asserts that the indictment fails because it is unclear as to "who killed who" and because it fails to reference any pertinent statute. A reference to the statute which the accused has allegedly violated is not required. *See Malone v. State,* 707 S.W.2d 541, 543 (Tenn. Crim. App. 1985). Moreover, as found by the trial court, the indictment sufficiently conveyed the crime with which the Petitioner was charged. Indeed, our supreme court has approved language identical to that in the challenged indictment.[2] *See Wheeler v. State,* 4 McCanless 155, 415 S.W.2d 121, 125 (Tenn. 1967). In this regard, the Petitioner's claim that the indictment is duplicitous also fails as the indictment only charges the offense of first degree murder. Thus, the Petitioner's challenge to the indictment fails.**

**The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.**

---

**J.C. MCLIN, JUDGE**

---

[2] The indictment in the *Wheeler* case read as follows:

> The Grand Jurors for the State and County aforesaid, upon their oath, present that Sol Wheeler heretofore on or about the 12th day of February, 1959, in the County and State aforesaid, did unlawfully, feloniously, willfully, deliberately, premeditatedly and maliciously make an assault and battery upon the body of one John Rouse with a certain loaded shotgun and him the said John Rouse he the said Sol Wheeler then and there did unlawfully, feloniously, willfully, deliberately, premeditatedly, and of his malice aforethought, kill and murder, against the peace and dignity of the State of Tennessee.

In reviewing the sufficiency of this indictment, our supreme court held, "This Court has carefully read the indictment and can only conclude that it conveys to the defendant adequate notice of that with which he is charged, and the elements thereof. This is all that is required. *See State v. Estes,* 199 Tenn. 406, 287 S.W.2d 40 (1956); *see also* **Tenn. Code Ann. s 40--1802.**

4