**STATE of Tennessee, Appellant,**

v.

**Anthony NIXON, aka "Dirt", Robert Robertson, aka "Natecrop," and James Whitelow, aka "Borock," Appellees.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 3, 1997.

Application for Permission to Appeal Denied by Supreme Court July 6, 1998.

Herman L. Reviere, Ripley, for Anthony Nixon and James Whitelow.

Charles W. Burson, Attorney General and Reporter, Elizabeth T. Ryan, Assistant Attorney General, Criminal Justice Division, Nashville, Elizabeth T. Rice, District Attorney General, Mark Davidson, Asst. District Attorney General, Somerville, for Appellant.

## *OPINION*

HAYES, Judge.

The State of Tennessee appeals the ruling of the Lauderdale County Circuit Court dismissing, with prejudice, the indictment against the defendants, Anthony Nixon and James Whitelow. On October 2, 1995, the defendants in this case, along with a co-defendant, were indicted for possession with intent to deliver cocaine, a class B felony.[1] The defendants were arraigned, and, on October 28, 1996, the case proceeded to trial. Immediately after the jury was sworn, trial counsel moved to dismiss the indictment "due to the failure of the indictment to state the names of the defendants in the body of the indictment."[2] Acknowledging the omission of the defendants' names, the State, nevertheless, responded that the indictment must be read as a whole and because the cover page of the indictment recites each defendant's name, no defect is present.[3] Thus, the State argued that the indictment gave proper notice to the defendants of the charges against them and no prejudice is shown. Alternatively, the State argues that, because the defendants failed to object to this alleged defect prior to trial, any objection to the defect is waived. The trial court, relying upon the statutory provision which requires

that "the indictment be certain as to the person charged," concluded that "an essential element of the indictment [was] missing," and dismissed the indictment. The State now appeals this decision.

An indictment must describe the accused in such a direct or certain manner as to identify him as the person charged. *See* Tenn.Code Ann. 40–13–203 (1990). If the accused's name or a sufficient description of his name does not appear in the indictment, the charge is fatally defective. The greater question is, however, when must an objection to such a defect be raised. This issue is controlled by Rule 12(b) of the Tenn. R.Crim. P., which provides:

"The following must be raised prior to trial: (2) Defenses and objections based on defects in the indictment, presentment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objection shall be noticed by the court at any time during the pendency of the proceedings);. . . ."

Thus, the rule recognizes two categories of defects, i.e., those which may be challenged at any time and those which must be challenged prior to trial.

### A. Defects Which May Be Challenged At Any Time

■ Defects which may be challenged at any time during the pendency of the proceedings include objections which challenge lack of jurisdiction in the court and those objections contending that the indictment failed to charge an offense. "Lack of jurisdiction" refers to *subject matter jurisdiction* which a

---

1. The record does not reflect disposition as to the co-defendant's case.

2. The body of the indictment reads as follows:

   **THE GRAND JURORS** of Lauderdale County, Tennessee, duly empaneled and sworn, upon their oath, present that on or about the 11th day of May 1995, in Lauderdale County, Tennessee, and before the finding of this indictment, did unlawfully, feloniously, and knowingly possess with the intent to deliver a controlled substance: to-wit: Cocaine or Cocaine Base, a Schedule II controlled substance as classified in Section 39–17–408 of the Tennessee Code Annotated, in the amount

of 43.4 grams, in violation of T.C.A. 39–17–417, against the peace and dignity of the State of Tennessee.

3. In pertinent part, the cover sheet of the indictment, reads:

   No. 6214
   STATE OF TENNESSEE
   VS.
   ANTHONY NIXON, aka "DIRT"
   JAMES WHITELOW, aka "BOROCK"
   ROBERT ROBERTSON, aka "NATECROP"
   Indictment for
   Possession Schedule II (Cocaine or Cocaine Base) W/Intent to Deliver more than 26 grams.

defendant has no power to waive. *Pon v. U.S.*, 168 F.2d 373, 374 (1948) (interpreting Rule 12 of the Fed.R.Crim.P., which is virtually identical to our Rule 12). *See also State v. Seagraves*, 837 S.W.2d 615, 618 (Tenn. Crim.App.1992). Subject matter jurisdiction is the power of the court to hear and decide a particular type of action. In the present case, the Circuit Court of Lauderdale County has exclusive original jurisdiction of criminal offenses. *See* Tenn.Code Ann. § 16–10–102 (1994). In reference to objections alleging failure to state an offense, the rationale is that if the indictment fails to include an essential element of the offense, no crime is charged and, therefore, no offense is before the court. *See State v. Perkinson*, 867 S.W.2d 1, 5–6 (Tenn.Crim.App.1992). The indictment, in the present case, fully informed the defendants of the elements of the offense intended to be charged. *State v. Marshall*, 870 S.W.2d 532, 537 (Tenn.Crim. App.1993) (citations omitted).

## B. Defects Which Must Be Challenged Prior to Trial

■ However, certain defects in the indictment *must* be raised prior to trial, or will result in waiver. *See* Tenn. R.Crim. P. 12(f); *State v. Kennedy*, 649 S.W.2d 275, 279 (Tenn. Crim.App.1982). This category includes all objections or defects in the indictment other than those included in the first category. Included within this class are defects in the indictment that go to matters of form rather than substance. These statutory requirements include, in part, failure of the district attorney general to sign the indictment, the identity of the person charged, the time at which the offense was committed, and the place of the offense. *See* Tenn.Code Ann. § 40–13–203, –207, –208 (1990). Jurisdiction over the person falls within this category of defects. The omission of the defendants' names in the body of the indictment neither relates to subject matter jurisdiction nor failure to allege an offense. Thus, the defendants, by failing to object to the defect prior to trial, have waived this issue. *See* Tenn. R.Crim. P. 12(b)(2); 12(f).

■ Notwithstanding the applicability of the waiver provision, the court may grant relief from the waiver if the defendant has shown actual prejudice resulting from the defect in the indictment. *See* Tenn. R.Crim. P. 12(f). Again, the State argues that the names of the defendants on the cover sheet of the indictment were incorporated into the body of the indictment, therefore, proper notice to the defendants was provided. The defendants reply that, like the caption, the cover sheet is not part of the indictment and, therefore, facts therein cannot be imputed to the charge of the indictment.[4] We disagree. The question before this court is whether the cover sheet of the indictment may be considered in determining whether the indictment sufficiently apprised the defendants that they were the persons charged with the offense. Since the defendants were named on the cover sheet, we think that it is clear that they were the persons referred to in the body of the indictment. Although we find this issue to be one of first impression, other jurisdictions have expressly accepted "incorporation by reference" from other parts of the indictment. *See, e.g., People v. Jeffrey*, 94 Ill. App.3d 455, 49 Ill.Dec. 860, 418 N.E.2d 880, 887 (Ill.App.1981); *State v. Nelson*, 514 S.W.2d 581, 584 (Mo.1974); *State v. Hurley*, 251 S.W.2d 617, 619 (Mo.1952); *State v. Johnson*, 77 N.C.App. 583, 335 S.E.2d 770, 771 (N.C.1985); *Hill v. State*, 523 P.2d 1114, 1116 (Okla.Crim.App.1974). By appearing at arraignment and by entering pleas of not guilty, the defendants could not have failed to know that they were the persons charged nor could they have been better informed of that fact had their names been inserted in the

---

4. The defendants cite *Mitchell v. State*, 16 Tenn. 514 (1835), as authority for the proposition that the caption is not part of the indictment. However, *Mitchell* is distinguished from the situation at bar. In *Mitchell*, the court was faced with conflicting allegations in an indictment, *i.e.*, one term of court announced in the caption and another term of court announced at the head of the indictment. *Id.* at 528. The court held that, since the caption properly announced the term of court, the statements at the head of the indictment should be disregarded. *Id.* Although the court reiterated the principle, "the caption is no part of the indictment, but is a formal statement of the proceedings ...," the court did not hold that an omitted fact cannot be referenced from another portion of the indictment. *Id.* at 528.

body of the indictment. The indictment in no way misled or misinformed the defendants of the charge against them. Moreover, the record reflects that the defendants were not inhibited in filing discovery motions, suppression motions, and various other pre-trial motions.

In the present case, rather than properly filing a pretrial motion to dismiss the indictment, the defendants elected not to raise this issue until after the jury was sworn and jeopardy had attached, admittedly an "intentional and very legal tactic which defense counsel used for the benefit of his clients." [5] This is exactly the type of "sandbagging" technique, Rule 12(f) was meant to alleviate. *See State v. Randolph,* 692 S.W.2d 37, 40 (Tenn.Crim.App.1985). We conclude that the defendants' failure to timely raise an objection to the omission of their names in the body of the indictment resulted in a waiver of that objection. Moreover, we find that the defendants suffered no prejudice from the omission. The trial court's order dismissing the indictment is vacated, the indictment is reinstated, and this case is remanded to the trial court for appropriate proceedings.

PEAY and SUMMERS, JJ., concur.

---

**5.** The defect in the present case, *i.e.,* the omission of the defendants' names, could have been cured prior to trial by amendment without the defendants' consent, or, after jeopardy had attached with the defendants' consent. Tenn. R.Crim. P. 7(b).