IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2002

## JAMES L. FEENIN v. KEVIN MYERS, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 12674     Jim T. Hamilton, Judge**

—————

**No. M2002-01770-CCA-R3-CO - Filed April 11, 2003**

—————

The Appellant, James L. Feenin, proceeding *pro se*, appeals the summary dismissal of his petition for writ of habeas corpus. Feenin is currently a Department of Correction inmate at the South Central Correctional Facility in Wayne County, where he is serving an effective nineteen-year sentence. On appeal, Feenin argues that his incarceration stems from a void indictment. Specifically, he contends that two counts of the indictment, to which he pled guilty, were not signed by the district attorney general. Finding this argument without merit, the judgment of the Wayne County Circuit Court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

James L. Feenin, *Pro Se*, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural Background

On June 30, 1999, the Davidson County Grand Jury returned a three count indictment against the Appellant, charging him with (1) especially aggravated kidnaping, (2) aggravated rape, and (3) aggravated robbery. These charges arose from the Appellant's act of abducting at gunpoint a female victim from a Wal-Mart parking lot. After raping his victim, he returned her to the Wal-Mart lot, where she was left bound and gagged in her car. Under the terms of a plea agreement, the Appellant pled guilty to aggravated kidnaping and aggravated rape. The Appellant was later unsuccessful in collaterally attacking his convictions upon grounds that his pleas were involuntarily entered. *James*

*Lawrence Feenin*, M2001-02277-CCA-R3-PC (Tenn. Crim. App. at Nashville, July 9, 2002), *perm. to appeal denied*, M-2001-02277-SC-R11-PC (Tenn. 2002).

On November 26, 2001, the Appellant filed an application for writ of habeas corpus, alleging that he was being illegally detained because his incarceration was based on indictments which were not signed by the district attorney general. The trial court summarily dismissed the Appellant's petition, finding that habeas corpus relief was not warranted. This appeal followed.

**Analysis**

A petition for habeas corpus relief is proper only if the judgment being attacked is void on its face or if the sentence has expired and the petitioner is being held illegally. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Passarella v. State*, 891 S.W.2d 619, 626-27 (Tenn. Crim. App. 1994). We agree with the State that, even assuming as true that the district attorney general failed to sign the indictment, this would not render the Appellant's judgments of conviction void. Certain defects in the indictment must be raised prior to trial or, in this case, prior to entry of guilty pleas; otherwise, failure to do so will result in waiver. Tenn. R. Crim. P. 12(f). Included within this class are defects in the indictment that go to matters of form rather than substance. *State v. Anthony Nixon*, 977 S.W.2d 119, 121 (Tenn. Crim. App. 1997). These statutory requirements include, in part, failure of the district attorney general to sign the indictment. *Id.* Moreover,

> this Court has consistently held that a district attorney's failure to sign an indictment would not deprive the trial court of jurisdiction. *See, e.g. Mickey A. Brown v. State*, C.C.A. No. 03C01-9707-CR-00280, Johnson County (Tenn. Crim. App. at Knoxville, Aug. 17, 1998), *perm. to appeal denied,* (Tenn. 1999). Therefore, an objection to a defect of this nature must be made pre-trial, and not in a collateral, post-trial habeas corpus petition. *See* Tenn. R. Crim. P. 12(b)(2); *Nelson B. Graves v. Howard Carlton, Warden,* No. 03C01-9705-CR-00171) (Tenn. Crim. App. at Knoxville, Mar. 25, 1998), *perm. to appeal denied, (*Tenn. 1998*).*

*James E. Martin v. Howard Carlton, Warden,* No. 03C01–9807-CR-00253, (Tenn. Crim. App. at Knoxville, June 7, 1999), *perm. to appeal denied,* (Tenn. 1999).

Notwithstanding our finding that the Appellant's petition fails to state a cognizable claim for habeas corpus relief, we also find that the Appellant's argument that the indictment is defective is, likewise, without merit. The district attorney general in this case signed a three page, three count indictment at the bottom of the last page. The counts in the indictment were consecutively numbered. The Appellant argues that, because the district attorney signed only after count III, aggravated robbery, which was dismissed under the plea agreement, and did not sign after counts I and II, these two counts to which he pled constitute void judgments. We find this argument clearly misplaced. Tennessee Code Annotated § 40-13-103 requires the district attorney general to sign the "bill of indictment" before it is sent to the grand jury. This statutory requirement has reference to the indictment as a whole and does not require the prosecutor to sign each respective count of the

indictment. *James E. Martin*, No. 03C01–9807-CR-00253; *see also Foute v. State*, 4 Tenn. (3 Hayw.) 98, 99 (1816) (holding that no indictment should be sent to the grand jury without the sanction and approbation of the solicitor-general, proved by his signature on some part of the bill.) Accordingly, the Appellant's claim that the counts of the indictment to which he pled guilty are defective is without merit.

## Conclusion

Because we conclude that the record before us neither demonstrates that the Appellant's convictions are void or that his sentences have expired, we affirm dismissal of the writ of habeas corpus by the Wayne County Circuit Court.

_____
DAVID G. HAYES, JUDGE