# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ARZOLIA CHARLES GOINES v. WARDEN GLEN TURNER

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9634    Jon K. Blackwood, Judge**

_____

**No. W2003-02281-CCA-R3-HC  - Filed September 22, 2004**

_____

The Petitioner, Arzolia Charles Goines, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ.  joined.

Arzolia Charles Goines, pro se.

Paul G. Summers, Attorney General & Reporter; Helena Walton Yarbrough, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

In 1988, Petitioner was convicted by a Knox County jury of armed robbery, second degree burglary and grand larceny.  *See State v. Arzolia Charles Goines*, No. 1208, 1989 WL 34856, at * 1 (Tenn. Crim. App. at Knoxville, Apr. 14, 1989), *perm. to appeal denied*, (Tenn. Jul. 3, 1989).  In the second part of a bifurcated proceeding, the jury found him to be a habitual criminal.  *Id.*  Accordingly, the trial court sentenced him to life imprisonment for the robbery and burglary convictions and ten years on the count of grand larceny.  *Id.*  On August 4, 2003,

1

Petitioner filed an application for writ of habeas corpus relief, alleging that the indictments were insufficient, that the trial court failed to instruct the jury as to lesser offenses, that the Petitioner was denied his constitutional right to be present during the charging of the jury during the habitual criminal phrase of trial, and that the trial court improperly used prior convictions that were not signed by the judge to enhance Petitioner's sentence as a habitual offender.    The trial court summarily dismissed the petition on August 13, 2003.  On August 26, 2003, the Petitioner filed a motion to reconsider, which was denied on August 29, 2003.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired.  *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992).  Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment.  *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).  A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding.  *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

Petitioner alleges that he is entitled to habeas corpus relief because the trial court failed to instruct the jury as to lesser included offenses and that he was denied his constitutional right to be present during the charging of the jury.  These are not proper claims for habeas corpus relief as it would merely render the judgments voidable, not void.

Petitioner also contends that his convictions for armed robbery and burglary are void because the indictment failed to allege all of the elements of the crimes charged.  It is well established that, in most instances, challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding.  *See  Haggard v. State*, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971).  However, if an indictment fails to state an offense, the subsequent conviction on the defective indictment is void because no crime is before the court and because the court lacks jurisdiction.  *See  State v. Nixon*, 977 S.W.2d 119 (Tenn. Crim. App. 1997). Therefore, if an indictment fails to properly charge an offense and causes the convicting court to be without jurisdiction, that indictment may be challenged in a habeas corpus proceeding.  An indictment must provide sufficient information "(1) to enable the accused to know that accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy."  *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997).

Count one of the indictment, charging Petitioner with armed robbery, alleged that in September 1986, Petitioner

. . . unlawfully, forcibly and feloniously did make an assault in and upon one, Carl Roberts with a certain deadly weapon, to wit: A pistol, . . . and the said defendant so assaulting Carl Roberts, the said Arzolio Charles Goines, Alias did then and there feloniously and by force and by violence and by putting the said Carl Roberts in fear, did rob, steal, take and carry away the goods and chattels of the said Carl Roberts, to wit: jewelry, pistol, jewelry box, microwave oven and television set, . . .and a quantity of good and lawful money of the United States of America. . . from the person and against the will of the said Carl Roberts and with the intent to deprive the true owner aforesaid thereof. . . .

We find that the indictment sufficiently apprised the Petitioner of the offense charged and is valid.

Count two of the indictment charged that in September 1986, Petitioner

. . . did commit burglary by breaking and entering a certain house of Carl Roberts, in the daytime, the same being a mansion house with the intent . . . to commit larceny, that is to say, with the intent to feloniously take, steal and carry away the goods and chattels of said owner . . . and so to deprive the true owner aforesaid, of the use thereof against his will and consent. . . .

This count similarly provided sufficient notice to the Petitioner that he was charged with burglary.

Next, Petitioner claims that he is entitled to habeas corpus relief because the trial court improperly considered judgments of prior convictions that were not signed by the judge in enhancing his sentences. Initially, we acknowledge that it has been repeatedly held by Tennessee courts that failure of the trial judge to sign a judgment does not render the judgment void for habeas corpus purposes. *See James Russell Gann v. David Mills*, No.E2003-00281-CCA-R3-PC, 2003 WL 21714064, at * 1 (Tenn. Crim. App. at Knoxville, Jul. 24, 2003); *Michael Thomason v. Kevin Myers*, No. M2002-01346-CCA-R3-CO, 2002 WL 31852868, at *2 (Tenn. Crim. App. at Nashville, Dec. 20, 2002). Moreover, Petitioner has failed to include these judgments as part of the record in this appeal. In *State v. McClintock*, 732 S.W.2d 268, 271-72 (Tenn. 1987), our supreme court stated that "unless invalid on its face, a prior judgment of conviction in a court with personal and subject matter jurisdiction cannot be collaterally attacked in a subsequent proceeding in which the challenged conviction is used to enhance punishment."

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ORDERED that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

3

_____

JOHN EVERETT WILLIAMS, JUDGE