IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 28, 2006

## MILBURN L.  EDWARDS v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 13971     Robert Holloway, Judge**

**No. M2006-01092-CCA-R3-HC - Filed January 17, 2007**

Petitioner, Milburn L. Edwards, was convicted by a Davidson County jury of twenty-one counts of rape, two counts of first degree burglary, two counts of aggravated burglary, one count of second degree burglary, one count of aggravated rape, one count of assault with intent to commit rape and one count of robbery.  He received an effective sentence of life plus 415 years, which was later modified to life plus 195 years on appeal.  State v. Edwards, 868 S.W.2d 682 (Tenn. Crim. App. 1993).  A petition for post-conviction relief was denied by the trial court and the denial was affirmed on appeal.  Milburn L. Edwards v. State, No. M2002-02124-CCA-R3-PC, 2003 WL 23014683 (Tenn. Crim. App. at Nashville, Dec. 15, 2003).  On March 13, 2006, the petitioner filed a pro se petition for writ of habeas corpus challenging his convictions for the failure of the district attorney general to endorse the indictments.  The trial court dismissed his petition without the  appointment of counsel or an evidentiary hearing.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Milburn L. Edwards, Clifton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Milburn L. Edwards, appeals the trial court's dismissal of his petition for writ of habeas corpus.  After pursuing the direct appeal of his convictions as well as a post-conviction petition and appeal, the petitioner filed a pro se petition for writ for habeas corpus contending that

his convictions are void due to the failure of the district attorney general to endorse the indictments. Upon review of the petition and the state's motion to dismiss, the trial court dismissed the petition without the appointment of counsel or an evidentiary hearing.

## ANALYSIS

Tennessee law provides that "[a]ny person imprisoned or restrained of his liberty under any pretense whatsoever . . . may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment." Tenn. Code Ann. § 29-21-101. Habeas relief is limited and available only when it appears on the face of the judgment or the record of proceedings that a trial court was without jurisdiction to convict the petitioner or that the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). To prevail on a petition for writ of habeas corpus, a petitioner must establish by a preponderance of the evidence that a judgment is void or that a term of imprisonment has expired. See State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If a petition fails to state a cognizable claim, it may be dismissed summarily by the trial court without further inquiry. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 483, 381 S.W.2d 280, 283 (1964); Tenn. Code Ann. § 29-21-109.

We note that the determination of whether to grant habeas corpus relief is a matter of law; and, therefore, we will review the trial court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). The record reflects that the petitioner was convicted by a jury pursuant to a thirty count indictment that was, in fact, endorsed by the District Attorney General of Davidson County, Victor S. Johnson, III. Upon filing of the habeas petition, the trial court summarily granted the state's motion to dismiss without stating the basis for the dismissal. Even assuming that the indictment at issue had not been properly endorsed, this allegation would not merit habeas relief. In general, defenses and objections based upon the indictment must be raised prior to trial or they are deemed waived. Tenn. R. Crim. P. 12(b)(2)(B); State v. Nixon, 977 S.W.2d 119, 121 (Tenn. Crim. App. 1997). This court has previously held that an allegation regarding the lack of the district attorney's signature on an indictment will not warrant habeas relief. Derrick Richardson v. Virginia Lewis, Warden, and the State of Tennessee, No. E2005-00817-CCA-R3-HC, 2006 WL 3479530, slip op. at 2 (Tenn. Crim. App. at Knoxville, Dec. 1, 2006). Therefore, the trial court did not err in summarily dismissing the petition.

## CONCLUSION

Based upon the foregoing and after full consideration of the record, arguments of counsel and applicable law, this court concludes that the petitioner has failed to establish that he is entitled to habeas relief. The judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-2-