**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT KNOXVILLE**
**DECEMBER SESSION, 1998**

FILED

February 2, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **DEXTER JOHNSON,** | ) | |
| | ) | **No. 03C01-9707-CR-00241** |
| **Appellant** | ) | |
| | ) | **HAMILTON COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. Douglas a. Meyer, Judge** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | **(Writ of Habeas Corpus)** |
| **Appellee** | ) | |

For the Appellant:

**Dexter Johnson**, *Pro Se*
T.H.S.F.
P.O. Box 1050
Henning, TN  38041

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Ellen H. Pollack**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Dexter Johnson, appeals the Hamilton County Criminal Court's summary dismissal of his *pro se* application for a writ of habeas corpus. On February 11, 1994, the appellant entered guilty pleas to the offenses of first degree murder for the death of Donald Sirhan; first degree murder for the death of Renaldo Crawford; criminal attempt to commit first degree murder; and criminal attempt to commit aggravated robbery. The appellant received two life sentences for the murder convictions, twenty-five years for the attempted murder conviction and six years for the attempted aggravated robbery conviction. These sentences were ordered to be served concurrently. The appellant is currently incarcerated at the West Tennessee High Security Facility in Lauderdale County.[1]

On March 5, 1996, the appellant filed an application for writ of habeas corpus in the Hamilton County Criminal Court alleging "ineffective assistance of counsel."[2] On March 6, 1996, the trial court found the appellant's claims were not appropriate for habeas corpus relief and dismissed the appellant's petition. The appellant appeals this decision.

Initially, we note that, "[t]he mere fact that an appellant designates a pleading as a petition for habeas corpus relief does not, however, mean that the jurisdiction of the habeas corpus statutes has been properly invoked. If the petition is, in fact, a request for relief that may be granted only pursuant to the post-conviction statutes, a court may properly treat that petition as a petition for post-conviction relief and apply the appropriate . . . statute of limitations to its filing." Archer v. State, 851 S.W.2d

---

[1] In Tennessee, a "prisoner" must submit an application, in the form of a petition, for the issuance of a writ to the court most convenient in location to the "prisoner." See Tenn. Code Ann. § 29-21-105 (1980).

[2] More specifically, he contends (1) that his plea was involuntarily entered because he was on "powerful tranquilizers . . . that . . . made him paranoid" when the offenses were committed and (2) that trial counsel failed to properly investigate his charges.

2

157, 164 (Tenn. 1993). The appellant's claim of ineffectiveness is an appropriate ground for post-conviction relief. However, because this petition was filed after May 10, 1995, it is governed by the Post-Conviction Procedure Act of 1995, which permits the filing of only one petition for post-conviction relief. Tenn. Code Ann. § 40-30-202(c) (1995). A previous petition for post-conviction relief was dismissed upon the merits with the dismissal being affirmed by this court on February 6, 1996. See Johnson v. State, No. 03C01-9503-CR-00088 (Tenn. Crim. App. at Knoxville, Feb. 6, 1996), perm. to appeal dismissed, (Tenn. Nov. 9, 1998).[3] Thus, this is the appellant's second petition for post-conviction relief and the trial court was precluded from treating the appellant's petition as one for post-conviction relief.

In Tennessee, a state writ of habeas corpus, as opposed to a federal writ, will issue only when the conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired and the petitioner is being illegally restrained. See Archer, 851 S.W.2d at 164. A void judgment is one which shows "upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that the convicting court was without jurisdiction. Id. It is undisputed that the Criminal Court of Hamilton County had subject matter jurisdiction of the criminal charges referred to in the indictments and the authority to enter judgments of conviction against the appellant for these crimes. See State v. Nixon, 977 S.W.2d 119 (Tenn. Crim. App. 1997), perm. to appeal denied, (Tenn. 1998) (lack of jurisdiction refers to subject matter jurisdiction). Moreover, it is undisputed that the appellant's sentences of life imprisonment have not expired. Accordingly, this issue is without merit.

Based upon the foregoing, the trial court's summary dismissal of the

---

[3]In the appellant's first petition, he asserted that his guilty pleas were constitutionally deficient because (1) they violated Boykin, (Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969)), and (2) because he was mentally incompetent.

3

appellant's petition is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE