# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 7, 2011

## CHARLES E. THOMPSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-24665, P-22149, P-27258    Chris Craft, Judge**

---

**No. W2010-02509-CCA-R3-PC  - Filed May 16, 2012**

---

Petitioner, Charles Thompson, appeals from the post-conviction court's denial of his three separate petitions for post-conviction relief in case numbers P-24665, -22149, and -27258. Petitioner was convicted, following guilty pleas, of the first degree murder of Eddie Johnson and attempted first degree murder of Brenda Hampton.  Following jury trials, he was convicted for the aggravated assault, especially aggravated robbery, and especially aggravated kidnapping of Paloy Finnie, *see State v. Derrick M. Vernon, et al.*, No. W1998-00612-CCA-R3-CD, 2000 WL 490718 at *1 (Tenn. Crim. App. at Jackson, filed Apr. 25, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001); and the first degree murder of Dedrick Taylor, *see State v. Charles Thompson*, No. W1998-00351-CCA-R10-CD, 2001 WL 912715 (Tenn. Crim. App. at Jackson, filed Aug. 9, 2001), *perm. app. denied* (Tenn. Dec. 31, 2001). In his brief, Petitioner asserts that the indictments in the three cases above were defective. After a careful review of the record, we affirm the judgments of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which ALAN E. GLENN and JEFFREY S. BIVINS, JJ., joined.

Charles E. Thompson, Wartburg, Tennessee, *pro se.*

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William L. Gibbons, District Attorney General; and Katrina Earley, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

*Procedural History*

In case number P-22149 (Eddie Johnson case), on December 2, 1998, Petitioner pled guilty to first degree murder and attempted first degree murder and was sentenced to concurrent sentences of life imprisonment and 15 years, respectively. At Petitioner's guilty plea hearing, the prosecutor gave the following factual basis:

> [I]n August of 1993, Ms. Torsha Burks, the girlfriend of [Petitioner] had left him and was, in fact, in protective custody with the Federal Bureau of Investigation; was giving them information concerning the background of the Traveling Vice Lords and criminal activities of the Traveling Vice Lords, as well as information specific to [Petitioner] and specific members of the Traveling Vice Lords.
>
> During the course of that and in a continuation of events in this case, [Petitioner] issued orders for her family, or at least Mr. Eddie Johnson to be killed. Mr. Johnson approached the porch along with Ms. Brenda Hampton. The [co-]defendant Cordiell Walker and [co-]defendants, who already have been disposed of in this case, were waiting for him and did gun down Mr. Eddie Johnson and wounded Ms. Brenda Hampton, and reported back to [Petitioner] that they had accomplished what they had been told to do.

Petitioner filed a timely *pro se* petition for post-conviction relief, alleging that his pleas were involuntary; that he was denied the effective assistance of counsel; and that newly discovered evidence had been discovered since his guilty pleas. Petitioner was subsequently appointed counsel and filed amended petitions, which the trial court denied following a hearing in an order dated August 18, 2010.

In case number P-24665 (Paloy Finnie case), Petitioner was convicted by a jury of aggravated assault and especially aggravated kidnapping and sentenced to 25 years for each conviction with his sentences to be served consecutively. This Court affirmed Petitioner's convictions and sentences on direct appeal. *State v. Derrick M. Vernon, et al.*, No. W1998-00612-CCA-R3-CD, 2000 WL 490718 (Tenn. Crim. App. at Jackson, filed April 25, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001). An appellate summary of the facts underlying Petitioner's convictions can be found in this Court's opinion cited above. On February 1, 2001, Petitioner filed a *pro se* petition for post-conviction relief. Petitioner subsequently

filed an amended petition with the assistance of counsel, which the trial court denied following a hearing in an order dated August 18, 2010.

In case number P-27258 (Dedrick Taylor case), Petitioner was convicted by a jury of first degree murder and sentenced to life without parole. This Court affirmed Petitioner's conviction and sentence on direct appeal. *State v. Charles Thompson*, No. W1998-00351-CCA-R10-CD, 2001 WL 912715 (Tenn. Crim. App. at Jackson, filed Aug. 9, 2001), *perm. app. denied* (Tenn. Dec. 31, 2001). An appellate summary of the facts underlying Petitioner's conviction can be found in this Court's opinion cited above. On December 6, 2002, Petitioner signed a *pro se* petition for post-conviction relief, which was filed with the trial court on April 3, 2003, alleging that he received ineffective assistance of counsel at trial; that there had been newly discovered evidence since his conviction; and that the prosecutor had failed to disclose evidence favorable to him at trial. Petitioner subsequently filed amended petitions with the assistance of counsel. Following a hearing, the trial court denied relief in an order dated August 18, 2010.

*Analysis*

In this appeal, Petitioner asserts that the indictments in the three cases above are defective in that: 1) the indictments in the Dedrick Taylor and Eddie Johnson cases did not specifically allege that Petitioner "ordered" the murder of the victims, which Petitioner asserts is an essential element of the offense, and that the indictments therefore failed to provide adequate notice of his charges; and 2) the indictment in the Paloy Finnie case did not specifically allege that Petitioner "remove[d]" the victim, which Petitioner asserts is an essential element of especially aggravated kidnapping. The State responds that Petitioner has waived this issue by failing to include it in his post-conviction petitions or amended petitions or present any evidence regarding the issue at the post-conviction hearings.

A post-conviction petitioner is obliged to establish his claims by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f) (2006). On appeal, the appellate court affords the trial court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgement of any [constitutional] right." Tenn. Code Ann. § 40-30-103 (2006). "If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." *Id*. § 40-30-106(g). "A ground for relief is

previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." *Id*. § 40-30-106(h).

A petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." T.C.A. § 40-30-106(d). None of Petitioner's several petitions and amended petitions for post-conviction relief contain a claim that his indictments in these three cases were defective; nor did Petitioner raise the issue on direct appeal. Nevertheless, we recognize that defects in an indictment that fails to state an offense may be "noticed by the court at any time during the pendency of the proceedings." Tenn. R. Crim. P. 12(b)(2); *State v. Nixon*, 977 S.W.2d 119, 120 (Tenn. Crim. App. 1997).

At the final post-conviction hearing, at which Petitioner represented himself, in Petitioner's closing argument, he argued that the indictment in the Dedrick Taylor case was defective:

> Also that the indictment was a defective indictment, Your Honor. The indictment did not allege that the essential elements in State versus Trust [sic] and State versus Hayes [sic], that I was responsible for the actions of Grover Haywood, Thomas Cummings, Marico Jackson and Charles Roland (phonetics), that I would have to be – that I would have to answer for the responsibility of my co-defendant[s]. It did not allege it in the indictment, Your Honor.
>
> Rule 52(b) states that you cannot be committed [sic] for a crime – convicted of a crime that's not in the indictment, Your Honor, and the conviction cannot stand, Your Honor.
>
> In this case, that's what I was convicted of based on my co-defendant's actions, that they committed the crime and I ordered the murder of Deputy [Dedrick] Taylor, Your Honor, and it states nothing about me ordering anything in the indictment.

In his rebuttal, Petitioner argued that the indictment in the Eddie Johnson case was also defective:

> Your Honor, again, in the case of petition 22149, I was citing that, too, also, Your Honor, that the indictment was a defective indictment. I think Mr. Paris [Petitioner's post-conviction counsel] had touched on that, that the indictment was a defective indictment.

When the State – the State's whole argument was that I ordered the murder of Eddie Johnson, Your Honor, and there was no – the indictment in whole was the co-defendant and myself on August 24, 1993, killed Eddie Johnson in violation of Tennessee Rule [sic] Section 39-12-402, I think. It states no essential element that I committed – that I ordered – I ordered that these crimes to be done, Your Honor. It states in the indictment – in State versus Hayes [sic], Your Honor, and State versus Trust [sic] and Brown versus State [sic], the indictment is a defective indictment.

In three separate detailed written orders, the post-conviction court denied Petitioner's requests for relief. As pertinent to the issues raised by Petitioner in this appeal, the post-conviction court concluded that the indictment in the Dedrick Taylor case was not defective for not specifically alleging that Petitioner "ordered" the victim's murder because he was prosecuted under the theory of criminal responsibility, relying on our supreme court's decision in *State v. Sherman*, 266 S.W.3d 395, 408 (Tenn. 2008), which held that a "separate indictment for criminal responsibility is unnecessary when a defendant has been indicted for the primary offense."

The indictment in case number 94-01918 alleges two counts of especially aggravated kidnapping of Paloy Finnie. This indictment relates to post-conviction case number P-24665. In his brief, Petitioner challenges the indictment in that case, asserting that it failed to include the word "remove," which Petitioner argues is an "essential element" of a kidnapping charge." Especially aggravated kidnapping is defined as "false imprisonment, as defined in § 39-13-302" in which the victim is held "for ransom or reward, or as a shield or hostage; or (4) [w]here the victim suffers serious bodily injury." Tenn. Code Ann. § 39-13-305. "A person commits the offense of false imprisonment who knowingly removes or confines another unlawfully so as to interfere substantially with the other person's liberty." Tenn. Code Ann. § 39-13-302(a).

A reading of the indictment in the Paloy Finnie case shows that Petitioner was charged in count one with "unlawfully and knowingly interfer[ing] substantially with the liberty of the said Paloy Bernard Finnie in order to hold the said Paloy Bernard Finnie as a hostage, in violation of T.C.A. 39-13-305. . . ." Count two of the same indictment alleges that Petitioner "did unlawfully and knowingly confine Paloy Bernard Finnie so as to interfere substantially with the liberty of the said Paloy Bernard Finnie and did cause the said Paloy Bernard Finnie to suffer serious bodily injury, in violation of T.C.A. 39-13-305. . . ."

Tennessee law requires that an indictment "state the facts constituting the offense in ordinary and concise language . . . in such a manner as to enable a person of common understanding to know what is intended. . . ." *State v. Marshall*, 870 S.W.2d 532, 537 (Tenn.

Crim. App. 1993) (quoting Tenn. Code Ann. § 40-13-202), *overruled on other grounds by State v. Carter*, 988 S.W.2d 145 (Tenn. 1999) (holding that an indictment that cites to the statutory definition of an offense is sufficient). An indictment is valid if it provides sufficient information to enable the accused to know the accusation to be answered, to furnish the court with an adequate basis for proper entry of judgment, and to protect the accused from double jeopardy. *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997).

We conclude that the indictment in the Paloy Finnie case did contain sufficient facts so as to adequately inform Petitioner of the nature and cause of the accusations against him. We also conclude that the post-conviction court's analysis regarding the sufficiency of an indictment for an offense for which a defendant is prosecuted under the theory of criminal responsibility is correct; therefore, the indictments in the Eddie Johnson and Dedrick Taylor cases need not have specifically alleged that Petitioner "ordered" their murders. Petitioner is not entitled to relief on this issue. The trial court correctly denied Petitioner post-conviction relief in all three cases.

## CONCLUSION

The judgments of the post-conviction court are affirmed.

_____
THOMAS T. WOODALL, JUDGE