IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2014

## BILLY L. GROOMS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Cocke County**
**No. 4544     Ben W. Hooper, II, Judge**

_____

**No. E2014-01228-CCA-R3-HC-FILED-MARCH 25, 2015**

_____

The petitioner, Billy L. Grooms, appeals the denial of his petition for writ of habeas corpus and/or motion to correct an illegal sentence. He argues that: (1) the indictment is void because it was returned without a juvenile petition for transfer, prior to transfer to the criminal court, and without the criminal court's acceptance; (2) the indictment is void because it and the endorsements were not part of the record insofar as they were never spread upon the minutes of the trial court to become part of the record; (3) the indictment is void because it alleged only legal conclusions, did not provide adequate protections against double jeopardy, and did not enable the trial court to enter an appropriate judgment; and (4) his sentence is void in light of *Miller v. Alabama*, 132 S. Ct. 2455 (2012). After a thorough review of the record, the briefs of the parties, and the applicable law, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Billy L. Grooms, Wartburg, Tennessee, *pro se*.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

## I. Facts and Procedural History

On May 23, 1982, the petitioner was convicted of two counts of first degree murder committed during the perpetration of armed robbery, and he received concurrent life sentences. *State v. Richard Grooms and Billy Grooms*, CCA No. 107, 1986 WL 3678, at *1 (Tenn. Crim. App. Mar. 26, 1986). On direct appeal, this court affirmed the convictions. *Id.* The petitioner twice filed petitions for writ of habeas corpus that this court treated as petitions for post-conviction relief and ultimately denied. *Billy Grooms v. State*, No. 142, 1989 WL 25254, at *1 (Tenn. Crim. App. Mar. 21, 1989); *Billy Grooms v. State*, No. 03-C-019103-CR-00092, 1991 WL 227663, at *1 (Tenn. Crim. App. Nov. 6, 1991). He filed a third petition for post-conviction relief, which this court again denied. *Billy Grooms v. State*, No. 03C01-9603-CC-00136, 1997 WL 189919, at *1 (Tenn. Crim. App. April 21, 1997). This court also affirmed the denial of a "Petition to Correct Illegal Judgment/Sentence." *Billy J. Grooms v. State*, No. E2000-00958-CCA-R3-PC, 2001 WL 252076, at *1 (Tenn. Crim. App. Mar. 14, 2001).

On June 20, 2013, the petitioner filed a "Petition to Correct Illegal Sentence and/or for Habeas Corpus Relief." On January 21, 2014, the trial court summarily dismissed the petition without appointing counsel or holding a hearing. The court found that each issue had previously been determined and that the doctrines of res judicata and collateral estoppel applied to the petitioner's issues because he raised them in prior petitions for habeas corpus relief. However, the petitioner did not receive a copy of the order dismissing the case until April 28, 2014, and he filed a notice of appeal on May 15, 2014. He also filed a motion to set aside and re-enter the order of dismissal filed on January 21. Finding that the petitioner was not provided with copies of the January 21 order in a timely manner and would have been unable to file an appeal in a timely manner, the habeas corpus court issued an order on May 16, 2014, granting the motion to set aside and refile the initial order dismissing the petition for habeas corpus.

## II. Standard of Review

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. However, the grounds for the writ are very narrow. *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993). Habeas corpus relief is appropriate "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* at 164 (citation omitted). The writ may be used to correct judgments that are void, rather than merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void when it "is facially invalid because the court lacked jurisdiction or authority to render the

judgment or because the defendant's sentence has expired." *Id.* A voidable judgment "is one which is facially valid and requires the introduction of proof beyond the face of the record or the judgment to establish its invalidity." *Id.* This court reviews the dismissal of a habeas corpus petition de novo with no presumption of correctness given to the conclusions of the habeas corpus court. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

### III. Analysis

### A. Untimely Appeal

As an initial matter, the State points out that the trial court did not have jurisdiction to enter the May 16, 2014 order providing the petitioner with an appeal because the judgment had already become final. "A judgment becomes final in the trial court thirty days after its entry if no post-trial motions are filed." *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). Once a judgment becomes final, the trial court loses the jurisdiction to amend it. *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001). Here, the habeas corpus court filed its order denying the petitioner relief on January 21, 2014, and the judgment became final thirty days later, on February 21, 2014. Thus, the May 16, 2014 order was entered after the judgment had become final, and the court was without jurisdiction to issue the order. While a petitioner may appeal as of right from the final judgment of a habeas corpus proceeding, the notice of appeal must be filed within thirty days after the judgment becomes final. Tenn. R. App. P. 3(b), 4(a). The judgment became final on February 21, 2014, and the petitioner filed his notice of appeal on May 15, 2014, which was more than thirty days after the judgment became final. As a result, the petitioner's notice of appeal was untimely.

The notice of appeal document is not jurisdictional, and this court may waive the filing requirement in the interest of justice. Tenn. R. App. P. (4)(a). In its brief, the State observes that it has no objection to waiving the filing requirement in this case. The petitioner has in effect asked this court to waive the notice requirement because he was not notified of the judgment denying his petition. The habeas corpus court's attempt to re-enter the order confirms the factual basis of the petitioner's request. Accordingly, we conclude that the interests of justice permit the waiver of the notice requirement, and we proceed to consider the petitioner's issues.

### B. Transfer From Juvenile Court

The petitioner argues that "the indictment is void because it was returned without a juvenile petition for transfer, prior to the transfer to the criminal court, and without the criminal court's acceptance." He contends that he was indicted as an adult before his transfer to criminal court, which prevented the criminal court from obtaining jurisdiction over his

case. He also contends that the judgment is void because his transfer to criminal court was conducted without an acceptance hearing and initiated without a petition for transfer.

The habeas corpus court found that the petitioner was transferred from juvenile court on December 6, 1982, and indicted on December 20, 1982. On direct appeal, this court also observed that the petitioner was transferred on December 6 and indicted as an adult on December 20. *Billy Grooms*, 1986 WL 3678, at *6. This is the law of the case, and the petitioner is not entitled to relief.

The petitioner's arguments addressing his transfer to criminal court also do not entitle him to relief. This court addressed the petitioner's claim regarding the absence of a transfer hearing on direct appeal. *Id.* at *6. This court concluded that the issue was waived because the petitioner did not file a motion for an acceptance hearing within ten days of his transfer to criminal court, and a defendant who does not file such a motion is subject to indictment and trial as an adult. *Id.* The absence of a transfer hearing and a petition to transfer are not cognizable grounds for habeas corpus relief because they do not divest the criminal court of jurisdiction to hear the case. *Eddie F. Depriest v. Kevin Meyers, Warden*, No. M2000-02312-CCA-R3-PC, 2001 WL 758739, at *2 (Tenn. Crim. App. Jul. 6, 2001); *see also Patrick Dale Potter v. State*, No. E2005-01183-CCA-R3-HC, 2006 WL 2406769, at *4-5 (Tenn. Crim. App. Aug. 22, 2006); *Thomas Wray v. State*, No. E2004-02901-CCA-R3-HC, 2005 WL 1493158, at *1 (Tenn. Crim. App. June 24, 2005). Such allegations are based on an alleged due process violation, which would render the judgment merely voidable instead of void. *See Depriest*, 2001 WL 758739, at *2. The petitioner is not entitled to relief as to these issues.

### C. Endorsement of Indictment

The petitioner argues that his "indictment is void because it and the endorsements were not part of the record insofar as they were never spread upon the minutes of the trial court to become part of the record." Specifically, he contends that no evidence indicates that the grand jury returned his indictment into court.

A petitioner may raise a challenge at any time that an indictment is defective due to a lack of subject matter jurisdiction of the trial court or the failure of the indictment to charge an offense. *State v. Nixon*, 977 S.W.2d 119, 120 (Tenn. Crim. App. 1997). However, objections to a defective indictment "that go to matters of form rather than substance" must be raised before trial, or the issue will be deemed waived. *Id.* at 121; Tenn. R. Crim. P. 12(b)(2)(B), (f).

The petitioner cites to Tennessee Code Annotated section 40-13-109, which states that

4

all felony indictments "returned into court by the grand jury with the endorsement a 'true bill' shall be entered by the clerk with the return in full on the minutes of the court." However, a failure to spread a felony indictment upon the minutes of the court neither enhances nor diminishes the rights of a defendant. *Glasgow v. State*, 68 Tenn. 485, 486 (Tenn. 1876); *see Davidson v. State*, 443 S.W.2d 457, 459 (Tenn. 1969). Instead, the purpose of this procedural requirement is to ameliorate the consequences if the original indictment is lost or destroyed; "[i]t does not invalidate the indictment." *Davidson*, 443 S.W.2d at 459. As a result, a claim that the clerk failed to spread the indictment upon the minutes of the court goes to the form, rather than the substance, of the indictment. *Derrick Richardson v. Virginia Lewis, Warden*, No. E2005-00817-CCA-R3-HC, 2006 WL 3479530, at *2 (Tenn. Crim. App. Dec. 1, 2006) (concluding that petitioner's claim that the trial court clerk failed to sign the indictment and to spread the indictment upon the minutes of the court was not cognizable claim for habeas corpus relief).

Insofar as the petitioner claims that the indictment fails because it allegedly was not endorsed "A True Bill" or because it allegedly lacks the foreperson's signature, he is likewise not entitled to relief. The habeas corpus court found that the reverse side of the petitioner's indictment contained the title "True Bill," along with the signatures of the grand jury foreperson and the county clerk and the dates of the signatures. The court also found that the issue was waived because it was not raised in the motion for new trial or on direct appeal. This court has repeatedly held that such challenges to an indictment go to the form of the indictment and are not cognizable claims for habeas corpus relief. *Robert Guerrero v. Dwight Barbee, Warden*, No. W2012-01873-CCA-R3-HC, 2013 WL 1189462, at *3-4 (Tenn. Crim. App. Mar. 22, 2013) (concluding that the failure to endorse an indictment "A True Bill" and the foreperson's failure to endorse the indictment did not deprive the trial court of jurisdiction and did not state a cognizable claim for habeas corpus relief), *no perm. app. filed*; *Sidney Cleve Metcalf v. David Sexton, Warden*, No. E2011-02532-CCA-R3-HC, 2012 WL 3555311, at *6 (Tenn. Crim. App. Aug. 20, 2012) (holding that the absence of the foreperson's signature does not deprive the trial court of jurisdiction); *William Perry Thompson v. Howard Carlton, Warden*, No. 03C01-9611-CR-00395, 1998 WL 19932, at *2 (Tenn. Crim. App. Jan. 22, 1998) (same); *see also Gregory Hedges v. David Mills, Warden*, No. W2005-01523-CCA-R3-HC, 2006 WL 211819, at *2 (Tenn. Crim. App. Jan. 26, 2006) (holding that the failure to endorse the indictment as "a true bill" did not deprive the trial court of jurisdiction). Because the petitioner's claims go to the form of the indictment, rather than the substance, he was required to raise any objections prior to trial. *Nixon*, 977 S.W.2d at 120. Even if the petitioner could show that the indictment was defective because it was not endorsed by the foreperson or endorsed as "a true bill" – a showing that would be contrary to the findings of the habeas corpus court – such a claim does not present a proper ground for habeas corpus relief.

## D. Sufficiency of Indictment

The petitioner argues that the indictment is legally insufficient and therefore void. Specifically, he contends that the indictment fails to allege any facts or circumstances of the crime and is "patently conclusory."

An indictment is valid if it contains sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). An indictment must "state the facts constituting an offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." T.C.A. § 40-13-202.

The petitioner was charged with two counts of first degree murder, two counts of first degree murder committed during the perpetration of armed robbery, and two counts of armed robbery.[1] *Billy Grooms*, 1986 WL 3678, at *1. The indictments include the elements of the offenses, the names of the victims, and state that the offenses occurred in November of 1982. We conclude that the indictments were sufficient to allow the petitioner to know which charges he must answer for, to provide the court with adequate jurisdiction to enter a judgment, and to protect the petitioner from double jeopardy. *Hill*, 954 S.W.2d at 727. The petitioner is entitled to no relief.

## E. Illegal Sentence

The petitioner contends that his sentence is illegal in light of the Supreme Court's holding in *Miller v. Alabama* that a mandatory sentence of life without the possibility of parole violates the Eighth Amendment to the United States Constitution. *Miller v. Alabama*, 132 S. Ct. 2455, 2464 (2012). Specifically, he contends that because he is "functionally serving a sentence of life without parole," his sentence is illegal. The State responds that *Miller* does not apply retroactively and contends that even if it does, the petitioner is not entitled to any relief.

We note that one panel of this court has concluded that *Miller* created a new rule of constitutional law warranting retroactive application. *Charles Damien Darden v. State*, No. M2013-01328-CCA-R3-PC, 2014 WL 992097, at *10 (Tenn. Crim. App. Mar. 13, 2014),

---

[1] Although the petitioner was charged with two counts of armed robbery, the record contains an indictment for only one charge of armed robbery.

*perm. app. filed*.  However, we need not resolve this question because even a retroactive application of *Miller* would not benefit the petitioner.

In *Miller*, the Supreme Court held that mandatory sentencing schemes imposing a sentence of life without the possibility of parole for a juvenile offender violated the Eighth Amendment's prohibition against cruel and unusual punishment.  *Miller*, 132 S. Ct. at 2469. In the case *sub judice*, the petitioner received concurrent sentences of life *with* the possibility of parole.  Although the petitioner contends that he is serving a functional life sentence, this court has concluded that sentences that provide for the possibility of parole, even if the possibility will not arise before many years of incarceration, do not violate *Miller*. *Charles Damien Darden v. State*, 2014 WL 992097, at *11; *see also Floyd Lee Perry, Jr., v. State*, No. W2013-00901-CCA-R3-PC, 2014 WL 1377579, at *5 (Tenn. Crim. App. April 7, 2014) (concluding that the court was without jurisdiction because no application for permission to appeal was filed but noting that the petitioner would not be entitled to relief under *Miller* when he received a sentence of life with the possibility of parole as a juvenile).  Because the petitioner received a sentence of life with the possibility of parole, there is nothing illegal about his sentence.  The petitioner is not entitled to any relief.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the habeas corpus court.


_____
JOHN EVERETT WILLIAMS, JUDGE

7