IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 5, 2019

**STATE OF TENNESSEE v. DERRICK SETTLES**

**Appeal from the Criminal Court for Shelby County**
**No. 03-02541      Paula L. Skahan, Judge**

_____

**No. W2018-01560-CCA-R3-CD**

_____

The pro se Defendant, Derrick Settles, appeals the trial court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  After thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Derrick Settles, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Dean Decandia, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On February 17, 2006, the Defendant was convicted by a Shelby County Criminal Court jury of two counts of first degree premeditated murder and two counts of possession of over 0.5 ounces of marijuana with intent to sell.  State v. Derrick Settles, No. W2006-02350-CCA-R3-CD, 2007 WL 4167589, at *7 (Tenn. Crim. App. Nov. 26, 2007), perm. app. denied (Tenn. Apr. 7, 2008).  The trial court imposed consecutive life sentences for the two first degree premeditated murder convictions and a one-year sentence for the merged possession convictions, to be served concurrently with the life sentences.  Id. at *7.

On August 16, 2017, the Defendant filed a pro se "Motion to Correct Illegal Sentence (Petitioner's First Motion to Correct Illegal Sentence)." In his motion, the Defendant asserted that he received an illegal sentence because the court clerk did not sign his indictments. The trial court summarily dismissed the Defendant's motion by written order on August 8, 2018, finding that he had not stated a colorable claim for relief from an illegal sentence.

## ANALYSIS

The Defendant argues on appeal, as he argued in his Rule 36.1 motion, that he received illegal sentences for his conviction of two counts of first degree premeditated murder and two counts of possession of over 0.5 ounces of marijuana with intent to sell because the court clerk did not sign the indictments against him.

Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." State v. Brown, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). When a defendant files a motion under Rule 36.1, the trial court must determine whether the motion "states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015).

Our supreme court has classified the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). Id. at 594-95. Fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. The court held that only fatal errors render sentences illegal. Id.

The Defendant asserts that his sentences are illegal because his indictments were not signed by the court clerk as required by Article VI, section 12 of the Tennessee Constitution. This court recently addressed such a claim in State v. Jasper Vick, No. W2017-02164-CCA-R3-CD, 2018 WL 2406011, at *2 (Tenn. Crim. App. May 25, 2018), perm. app. denied (Tenn. Sept. 18, 2018). The Jasper Vick court held that "a Rule 36.1 motion is not the appropriate forum" for addressing the court clerk's failing to sign a defendant's indictments because this court has "previously held that challenges to defects

- 2 -

in the form of the indictment must be raised prior to trial" or are considered waived. Id. (citing State v. Nixon, 977 S.W.2d 119, 121 (Tenn. Crim. App. 1982)). Thus, the Defendant's assertion in the instant case is likewise inappropriate for a Rule 36.1 motion. The Defendant has failed to show how his sentences are illegal and accordingly is not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE