IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2013

## WILLIAM ARTHUR SHELTON v. TONY HOWERTON, WARDEN

**Appeal from the Circuit Court for Morgan County**
**No. 2013-CR-49    E. Eugene Eblen, Judge**

_____

### No. E2013-01687-CCA-R3-HC-FILED-FEBRUARY 14, 2014

_____

The Petitioner, William Arthur Shelton, appeals the Morgan County Circuit Court's summary dismissal of his petition for habeas corpus relief from his 2004 convictions for first degree murder, three counts of false imprisonment, and two counts of vandalism and his effective life sentence.  The Petitioner contends that the trial court erred by summarily denying relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

William Arthur Shelton, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; and Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner was convicted upon proof that he stabbed Brian Hyatt to death after becoming convinced that the victim and the Petitioner's wife were having an affair, that he damaged the victim's cars, and that he prevented three people from leaving the Petitioner's cousin's home in an attempt to confront the victim about the alleged affair.  The Petitioner appealed his convictions, and this court affirmed the judgments of the trial court.  *See State v. William Arthur Shelton*, No. E2005-02014-CCA-R3-CD (Tenn. Crim. App. Nov. 9, 2006), *perm. app. denied* (Tenn. Mar. 12, 2007).  The Petitioner sought post-conviction relief on the ground that he received the ineffective assistance of counsel, and the trial court denied relief. This court affirmed the denial.  *See William Arthur Shelton v. State*, No. E2009-00582-CCA-

R3-PC (Tenn. Crim. App. Dec. 28, 2009), *perm. app. denied* (Tenn. May 12, 2010). The Petitioner now seeks habeas corpus relief.

In his habeas corpus petition, the Petitioner contended that the first degree murder statute effective when the offenses were committed was unconstitutional. He also contended that the indictment was invalid because it failed to allege the killing was committed with malice, lacked sufficient specificity to ensure the Petitioner understood the nature of the charges against him, failed to state that the grand jurors were "duly elected, impaneled, sworn, and charged" and were "good and lawful men," erroneously identified the Petitioner as John Shelton, and failed to establish subject matter jurisdiction. The trial court summarily dismissed the petition for relief, finding that the petition was "not well-taken." This appeal followed.

The Petitioner contends that the trial court erred by summarily dismissing his petition for habeas corpus relief. He argues that the indictment was invalid for the same reasons raised in his petition for relief. The State responds that the trial court properly dismissed the petition. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). When applicable, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. *Hickman*, 153 S.W.3d 16, 20 (Tenn. 2004); *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636-37 (Tenn. 1967); *see* T.C.A. § 29-21-109 (2010).

Our supreme court has concluded that "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). "A valid indictment is an essential jurisdictional element, without which there can be no prosecution." *Id.* (citing *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997); *State v. Stokes*, 954 S.W.2d 729, 730 (Tenn. 1997)). An indictment must provide an accused adequate notice of the charged offense, adequate grounds upon which a proper judgment may be entered, and protection against double jeopardy. *Wyatt v. State*, 24 S.W.3d 319, 324 (Tenn. 2000); *State v. Lindsey*, 208 S.W.3d 432, 438 (Tenn. Crim. App. 2006). The statutory and constitutional requirements for an indictment are satisfied when the indictment fulfills the "overriding purpose of notice to the accused." *State v. Hammonds*, 30 S.W.3d 294, 300 (Tenn. 2000). The only defects which may be challenged at any time are those that create a lack of subject matter jurisdiction in the court and those that show the indictment failed to charge an offense. *See* Tenn. R. Crim. P. 12(b)(2)(B); *State v. Nixon*, 977 S.W.2d 119, 120-21 (Tenn. Crim. App. 1997).

In this case, the indictment stated, in relevant part, that

And the Grand Jurors upon their oath do further present that

WILLIAM ARTHUR SHELTON aka JOHN SHELTON

On or about the 21st day of October, 2003, in Bradley County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally and with premeditation kill BRIAN HYATT, in violation of T.C.A. 39-13-202, all of which is against the peace and dignity of the State of Tennessee.

The indictment was signed by the District Attorney General for the Tenth Judicial District.

At the time the offenses were committed in 2003, first degree murder was defined, in relevant part, as "a premeditated and intentional killing of another." T.C.A. § 39-13-202(a)(1) (2010). We conclude that the indictment was not defective. The indictment detailed the facts of the offense and referenced the first degree murder statute. The indictment provided the Petitioner sufficient notice of the charged offense and provided the trial court with adequate subject matter jurisdiction. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE