IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 19, 2019

**ANTONIO D. IDELLFONSO-DIAZ v. RUSSELL WASHBURN, WARDEN**

**Appeal from the Circuit Court for Trousdale County**
**No. 18-CV-4729      John D. Wootten, Jr., Judge**

_____

**No. M2018-02233-CCA-R3-HC**
_____

The Petitioner, Antonio D. Idellfonso-Diaz, appeals the denial of his petition for habeas corpus relief. Following our review, we affirm the habeas corpus court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Antonio D. Idellfonso-Diaz, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and Tom P. Thompson, Jr., District Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Petitioner pleaded guilty to two counts of second degree murder in 2008, and the trial court sentenced him to concurrent forty-year sentences. In October 2018, the Petitioner filed a petition for writ of habeas corpus, alleging that the trial court lacked jurisdiction to convict or sentence him because the district attorney general did not sign the indictment. He also alleged that he was arrested without a valid arrest warrant. The habeas corpus court entered an order summarily denying the Petitioner's petition.

Article I section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See also* T.C.A. § 29-21-101. The determination of whether a

petition for a writ of habeas corpus should be granted is a question of law. *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008). This court reviews the denial of a writ of habeas corpus de novo with no presumption of correctness given to the habeas corpus court's decision. *Cantrell v. Easterling*, 346 S.W.3d 445, 448 (Tenn. 2011). There are very narrow grounds upon which habeas relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "'[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments.'" *Archer v. State*, 851 S.W.2d 157, 163 (Tenn. 1993) (quoting *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992)). Habeas corpus relief is available when it appears from the face of the judgment or the record that the convicting court lacked jurisdiction to sentence a petitioner or that a petitioner's sentence has expired. *Id.* at 164. The habeas corpus court may summarily dismiss the petition if the petition fails to state a cognizable claim. T.C.A. § 29-21-109. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007).

The Petitioner argues that the district attorney general's failure to sign the indictment deprived the trial court of jurisdiction to accept his guilty plea. The State notes that the Petitioner only included two of his three indictments and that it is possible that the district attorney general signed the third page that is not included in the record. In the Petitioner's reply brief, he asserts that the third page of the indictment was attached to his petition filed in the habeas corpus court and requests that this court supplement the record to include the third indictment. We decline to do so. Even if the indictment was unsigned, the lack of the district attorney general's signature is not the sort of defect that renders the judgment void.

Habeas corpus relief is warranted when an indictment is "so defective as to deprive the court of jurisdiction.". *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). The State maintains that the Petitioner is not entitled to relief because his objections to the indictment were required to be raised pretrial. *See Derrick Richardson v. Virginia Lewis, Warden*, No. E2005-00817-CCA-R3-HC, 2006 WL 3479530, at *2 (Tenn. Crim. App. Dec. 1, 2006) (citing Tenn. R. Crim. P. 12(b)(2)). A petitioner is required to raise objections to certain defects prior to trial. *State v. Nixon*, 977 S.W.2d 119, 121 (Tenn. Crim. App. 1997). Defects in an indictment "that go to matters of form rather than substance" are required to be raised prior to trial. *Id.* The failure of the district attorney to sign an indictment is a matter of form, and the Petitioner was required to raise an objection to the lack of the district attorney general's signature pretrial. *Id.*; *see also Quinton Albert Cage v. David Sexton, Warden*, No. E2011-01609-CCA-R3-HC, 2012 WL 2764998, at *3 (Tenn. Crim. App. July 10, 2012) (citing *Richardson*, 2006 WL 3479530 at *2). ("This court has previously held that an allegation regarding the lack of the district attorney's signature on an indictment will not warrant habeas relief."). The Petitioner also asserts that the indictment was not properly signed by all the grand jurors.

However, it is not a requirement that all members of the grand jury sign the indictment. T.C.A. § 40-13-105; *State v. Edward Dewayne Shelton, Jr.*, No. M2018-00319-CCA-R3-CD, 2018 WL 5733132, at *2 (Tenn. Crim. App. Oct. 31, 2018) (concluding that when the indictment is endorsed as a true bill, T.C.A. § 40-13-105 only requires that it be signed by the foreperson of the grand jury), *perm. app. denied* (Tenn. Feb. 20, 2019).

The Petitioner also claims that the trial court lacked jurisdiction to convict or sentence him because there was no arrest warrant issued for his arrest and the indictment was accordingly void. The Petitioner argues that he was arrested without a warrant in violation of Rule 4(c)(1) of the Tennessee Rules of Criminal Procedure, Tennessee Code Annotated section 40-6-201, Fourth and Fourteenth Amendments of the United States Constitution. This court has held that defects in a criminal warrant are cured by a valid and timely indictment. *Bobby Scales v. Dwight Barbee, Warden*, No. W2012-00163-CCA-R3-HC, 2012 WL 4017375, at *2 (Tenn. Crim. App. Sept. 12, 2012). The State argues that there is nothing in the record that indicates that the indictments were not timely issued in this case. *See James Thomas v. Randy Lee, Warden*, No. E2015-02427-CCA-R3-HC, 2016 WL 3996488, at *2 (Tenn. Crim. App. July 21, 2016) (denying habeas relief on the petitioner's claim that the arrest warrant was void when the indictment was issued within the statute of limitations). We agree. Accordingly, we conclude that the habeas corpus court did not err by summarily dismissing the petition due to the Petitioner's failure to state a cognizable claim.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. We, therefore, affirm the judgment of the habeas corpus court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

- 3 -